## No. 12,311.

KANSAS CITY, SHREVEPORT & GULF RAILWAY COMPANY VS. A. V. ROBERTS.

The reconventional demand for damages brings up the issue for our determination.

*Value of the Land.*—The jury's estimate of the value of the land expropriated for a roadbed was supported by the weight of the testimony. It is affirmed.

*General Damage.*—The other items of damages were examined; some of them were lowered, and in consequence the items grouped as "general damages" were reduced to one thousand and ninety dollars.

*Costs.*—The rights of the parties as relates to costs were correctly passed upon by the District Court.

APPEAL from the Ninth Judicial District Court for the Parish of De Soto. *Hall, J.*

*William Goss* for Plaintiff, Appellant.

*Lee & Liverman* for Defendant, Appellee.

Argued and submitted January 20, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

BREAUX, J. This was an action brought by the plaintiff against the defendant to expropriate a tract of land, one hundred feet in width, through the latter's plantation for a right of way.

Plaintiff's right of expropriation was not disputed by the defendant, who pleaded in reconvention:

" Value of fourteen acres right of way................................................................. $350 00
" GENERAL DAMAGES—
" Value of pasture destroyed and moving fence ................................   75 00
" Damage to spring........................................................................................  200 00
" Sugar cane planted .....................................................................................  125 00
" Damage to gin house and loss of patronage...........................................  880 00
" Damage to water tank.................................................................................  2,000 00
" Other damages.............................................................................................  500 00

                                                                                      $4,130 00"

The case was tried before a jury. The verdict was for plaintiff, expropriating the land. On the reconventional demand the defendant was awarded the sum of two hundred and eighty dollars, value

of the land, and the sum of one thousand three hundred and thirty dollars, general damages.

The plaintiff was further condemned "to provide and keep in repair sufficient crossings and cattle-guards for the use of defendant's plantation, also to keep in repair the mill pond.

The plaintiff prosecuted this appeal.

The defendant, in the answer to the appeal before this court, asked for amendment of the judgment appealed from, in manner and amount prayed for, in his answer and demand in reconvention filed in the lower court.

The amount allowed for the value of defendant's land presents the first question for our determination. It was considered by the jury as a separate item, and it found that it was worth twenty dollars an acre.

The complaint is that the jury failed to distinguish between the actual value of the land taken and damages arising from the fact of taking a small strip of land through defendant's plantation; which is covered by his claim for general damages.

We have not found that the complaint is properly founded. Three of plaintiff's witnesses testified as to the value of the land. One of these two witnesses said that land is not worth any more where a railroad takes a strip of a hundred feet through the centre of a house or a plantation than land in a body. Which is the correct view in fixing a positive value? This witness, with exact judgment in regard to value, said finally in answer to the question:

" Then it is worth more than ten dollars an acre?"

A. "I stated that it was worth about that. The other witnesses for plaintiff valued it at much less."

Four witnesses testified on the part of the defendant. Their testimony and that of the defendant himself place a higher value on the land than the amount of the verdict. It is true that the estimates vary considerably between the *maximum* of value as sworn to by plaintiff's witnesses and the amounts stated by defendant's witnesses as the value.

Land which produces three-quarters of a bale to the acre is worth more than ordinary land, although to produce this quantity the field was fertilized.

The verdict adopted, we think, is the correct medium between these respective estimates.

The next amount claimed was for moving the fence on defendant's land and the loss of his pasture land. This and all other items are included (save the value of the land, as before stated) in the amount of thirteen hundred and thirty dollars allowed by the verdict for damages.

The number of yards of fence removed was six hundred and the number of acres in the pasture was nine. Building the road, as we understand, made it necessary to remove the fence and abandon these nine acres as pasture lands.

It caused some damage and was a proper subject to be considered by the jury.

The testimony was not rebutted and fixed the amount correctly, in our judgment.

With reference to the spring, the next item of damages claimed, the defendant urged that before the construction of the roadbed, it furnished him water for his stock, for the use of his family (washing), and for the tenants (but it never was, it appears, a strong spring). The defendant also averred that since the construction of plaintiff's roadbed this spring does not furnish half as much water. He apprehended, he asserted, that it will entirely fail. He has, in addition, only a small well which furnishes a scant supply of water.

The evidence does not sustain the correctness of the amount claimed for this spring, nor that it has been damaged to any great extent. The amount allowed should be very much less than the amount claimed.

For the acres planted in cane, destroyed, it is not denied, by the railroad hands, an amount was unquestionably due by the plaintiff, although it should be less than claimed.

Damage to gin house and loss of patronage the defendant fixed at eight hundred and eighty dollars. The steam gin operated by the defendant is at a distance of about one hundred feet from the railroad. He complains that the proximity of the road increases the danger from fire, and the testimony shows that several of his customers declared that owing to the increase of danger from fire they would not gin their cotton at his gin.

The evidence to sustain this claim is not clear and satisfactory; besides the claim itself is in character remote and consequential. Something should have been allowed, much less, however, than is claimed.

The next item is for damages to the artificial pond of the defendant that supplied water to run his gin. The preponderance of evidence shows that the new pond holds more than the old pond held. The lift of the water from the pond to the gin is a little more difficult and requires a few more pounds of steam. The defendant consented to the change as made. The maxim *volanti non fit injuria* applies. We infer from the defendant's testimony that the water facilities are about the same as they were before the new pond was made.

There was an item in addition for general damages growing out of the difficulty caused in crossing and recrossing the railroad track on the place, the inconvenience occasioned by the road and other alleged annoyances.

We footed up these damages as well as we could, at one thousand and ninety dollars. It is true that the verdict of the jury is entitled to great weight and that it should not be disturbed, unless manifestly erroneous. We did not have before us the different items found by the jury in determining the amount of damages.

The total of items of damages found by us is less. We have not discovered that the difference between the amount of our decree and that of the verdict is sustained by the weight of the testimony.

With reference to the condition included in the judgment of the lower court, about repairing the pond and other repairs, the plaintiff urged that they were not an issue of the case. They were closely related to the issues and were made evident during the trial without any objection. Evidence, admitted without objection, may be considered, and the issues it represented, determined, although not supported by the pleadings.

A rule has been filed to have taxed as costs against the plaintiff, the mileage and *per diem* of the jurors summoned in accordance with Art. 2632, C. C.

The judgment correctly rejected the demand. Vicksburg, Shreveport & Texas Railroad Co. vs. Hart, 15 An. 507; City of New Orleans, praying, etc., 20 An. 394.

It is ordered adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed by the lower court for "general damages" (viz.: one thousand three hundred and thirty dollars) to one thousand and ninety dollars, the amount allowed by this decree for general damages. As amended the judgment is affirmed at appellee's costs.