(46 South. 810.)

No. 16,675.

OPELOUSAS, GULF & N. E. RY. CO. v. ST. LANDRY COTTON OIL CO.

(March 2, 1908. On Rehearing, June 8, 1908.)

1. EMINENT DOMAIN—EXPROPRIATION — PROCEEDINGS TO TAKE—APPEAL—REVIEW OF VERDICT.

The verdict of the jury in an expropriation suit, although entitled to great weight, is subject to amendment on appeal when it is clearly contrary to the weight of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 685.]

121 796
124 1000
f125 391

**2. SAME—COMPENSATION, ELEMENTS OF.**

In a suit to expropriate a railroad right of way, the defendant is entitled to adequate compensation for the land actually taken, and to damages for the actual diminution in sale or rental value of the remainder of his property, but not for inconveniences and loss of business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 271–277.]

**3. SAME—COSTS—JURY FEES.**

Plaintiff in an expropriation suit is not taxable, in the absence of special statute, with the cost of the per diem and mileage of the jurors serving in the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 690–693.]

On Rehearing.

**4. SAME—LIABILITY OF PARISH.**

In proceedings taken for the purpose of expropriating property by a public utility corporation, there is no law under which the parish in which the suit is brought can be held for the fee of the jurors summoned to try the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 691.]

**5. COSTS—DEPENDENT ON STATUTE.**

The parish is a third party. Costs and fees in proceedings in court are dependent upon the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 1–5.]

**6. EMINENT DOMAIN—COSTS—STATUTES.**

The court made researches to find a law under which plaintiff or defendant could be held for the fee of jurors in an expropriation suit and found none.

**7. SAME.**

The general law in civil suits, differently drawn from the method followed in drawing a special jury in an expropriation suit, has no application. There is a broad difference between the two—the law looking to the trial of jury cases generally and the special law relating to the drawing of the jury in an expropriation case. The former law does not apply. There is a casus omissus if it ever was the intention to provide for the remuneration of jurors in special expropriation cases. As far back as the fifteenth Annual this court held that parties could not be held for costs unless there was provision by statute to that end.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Expropriation suit by the Opelousas, Gulf & Northeastern Railway Company against the St. Landry Cotton Oil Company. From the award of damages, defendant appeals. Amended and affirmed.

See 118 La. 290, 42 South. 940.

Lewis & Lewis, for appellant railway company. Edward Benjamin Du Buisson, for appellant parish of St. Landry.

LAND, J. This is a suit to expropriate a railroad right of way, containing 1.58 acres, through a tract of land belonging to the defendant. On the first trial the jury awarded the right of way sued for to the plaintiff, and assessed its value at $1,075. The verdict rejected defendant's demand for damages. The defendant appealed, and the verdict and judgment thereon were reversed, and the cause was remanded for error in the instructions to the jury. In the meantime the road had been constructed over the right of way in question. The defendant amended its answer and claimed additional damages. On the second trial, the jury fixed the value of the land taken at $1,297, and the damages to the adjoining land at $300. Defendant has appealed.

The advent of two new railroads created a great boom in real estate values in and about the town of Opelousas. In the nature of things such values were largely speculative, being necessarily predicated on the future growth of the town in business and population. Under such circumstances, it is not surprising to find in the instant case a wide difference of honest opinion as to the value of the land embraced in the right of way sued for. The estimates range from $500 to $2,500 per acre.

In a case like the one at bar, a fair test of market value is furnished by voluntary sales of real estate in the immediate vicinity, and about the same time for right of way purposes.

The plaintiff road purchased its right of way on the adjoining property at the rate of $1,200 per acre. The then president of the

road, and now its leading counsel, testified that he considered that valuation a fair standard by which to value the naked land just opposite on the other side of the street. Such a standard is applicable with equal, if not more, force to contiguous land of the same character. That the land embraced in plaintiff's right of way is worth $1,200 per acre or more, is clearly shown by the preponderance of the evidence. Giving due weight to the finding of the jury of freeholders, we think they manifestly erred in not allowing the defendant at least $1,200 per acre for the land actually taken.

The award of $300 damages was based, we assume, on the testimony of one of the defendant's witnesses that it would cost that amount to move the office and scales of the defendant company further away from the railroad track. We can find in the record no other basis for such an award. The defendant claimed large damages to its plant and business, on account of the railroad track obstructing the free passage of wagons and teams engaged in hauling seed to the mill. While a few witnesses undertake to estimate such damage in globo at the sum of $10,000, two others, including the counsel for defendant, testified that such damages could not be estimated intelligently or with even approximate certainty.

The first jury found that no damages would be suffered. The last jury awarded $300 damages to the "adjoining land." There is no sufficient evidence in the record to enable us to hold that this finding was manifestly erroneous.

In cases of this kind mere consequential injuries resulting from inconvenience, loss of business and the like are not recoverable. The measure of recoverable damage is the actual diminution in the value of the property for sale or rental. McMahon & Perrin v. Railroad Company, 41 La. Ann. 827, 6 South. 640.

In the instant case, this diminution, if any, is not established with any degree of certainty. Whether there will or will not be any such diminution or whether the damages will be set off by special benefits are matters of speculation, on which the witnesses differ widely. Judgments should not be rendered on surmise and conjecture.

The last question to be determined is whether a plaintiff in an expropriation suit is liable for the per diem and mileage of the jurors who tried the case.

In Vicksburg, Shreveport & Texas Railroad Company v. E. C. Hart, 15 La. Ann. 507, the court held that in actions to expropriate land for a railroad, or other work of public utility, under Acts 1855, p. 297, No. 243, the plaintiffs are not bound to pay the jurors for their attendance. This ruling was reaffirmed in Railway Co. v. Roberts, 49 La. Ann. 862, 21 South. 630.

Per contra it is contended that the law was changed by Act No. 135, p. 216, of 1898, relative to juries for the state, the parish of Orleans excepted. Section 12 provides in substance that in all civil cases in which a jury is prayed for and allowed the party so praying shall deposit with the clerk $12 as jury costs and give bond in favor of the parish for an amount fixed by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit, and that no jury shall be ordered in any civil case unless said deposit be made and the bond given; "provided that when the judge, ex officio, shall order a jury in a civil case, the plaintiff shall advance and pay to the clerk twelve dollars for jury costs, which shall finally be taxed against the party cast in the suit."

In this state, ordinary civil cases, as a rule, may be tried without a jury, and section 13 of the act deals with that class of cases. This section, in order to prevent parties from praying for trial by jury for the purposes of

delay, provides that the party so praying shall make a deposit and give bond for jury costs. Where the judge, however, is of opinion that a case involves issues which should be tried before a jury, and therefore, ex officio, orders such a trial, the plaintiff is only required to deposit $12 for jury costs.

Section 13 has no application to cases which must under special statutes be tried before the court and jury.

Under the provisions of the Civil Code and Revised Statutes of the state, expropriation suits are triable before a special jury of freeholders. Such a jury cannot be drawn under the provisions of Act No. 135, p. 216, of 1898. Hence, section 13 has no application to this case. It is argued that said act is the only law in force providing for the compensation of jurors in civil cases, and that if its provisions do not apply to jurors in expropriation suits the parish is not liable for their per diem and mileage. We feel no hesitation in holding that the parish is bound to compensate such jurors, as has always been the practice under the jury laws of this state. In Railroad Company v. Hart, supra, the court said:

"The plaintiff ought not to be compelled to pay the jurors for their attendance. They are to be paid in another manner."

In the case of City of New Orleans, Praying for a Jury of Freeholders, etc., 20 La. Ann. 394, it was held that jurors in an expropriation suit were to be compensated in same manner as ordinary jurors. It is the duty of the state to furnish tribunals for the administration of justice. The cost of such tribunals is borne by the public, and cannot be shifted to the litigants in whole or in part except in cases specially provided by law. The statutes, thus far, have not provided for the taxation of jury costs in expropriation suits.

It is therefore ordered that the verdict and judgment appealed from be amended by increasing the amounts awarded to the defendant to the total sum of $2,196, and that as thus amended said verdict and judgment be affirmed, at the cost of the plaintiff and appellee. It is further ordered that the Parish of St. Landry pay all costs occasioned by its appeal as a third party.

## On Rehearing.

BREAUX, C. J. Liability vel non for jurors' fees is the question at issue.

The judgment of the district court condemned neither the plaintiff nor the defendant to pay the per diem of the jury summoned to try the case, but held that the parish should pay them.

From the judgment alleging error as to this item, the parish obtained a devolutive appeal to this court.

Here the contention of plaintiff is that the judgment is correct, and that the parish is liable for jury fees in expropriation proceedings regardless of result, whether the decision be for plaintiff or for defendant.

Taking up in the first place the question whether the parish is liable, we have not found it possible to agree with plaintiff or defendant. Liability for costs is statutory. Without a statute upon the subject there is no liability. We nowhere find statutory provision authorizing the court to fix liability for jury fees in expropriation proceedings upon the parish.

Counsel for plaintiff and counsel for defendant have not cited a single statute which can be construed as fixing the costs on the parish. Without such a law courts are without authority to condemn the parish, a third party, for the costs in expropriation proceedings.

Costs are the creatures of statutory law. State ex rel. Johnson v. Judge, 107 La. 70, 31 South. 645.

Furthermore, "the statute relating to costs must be strictly construed." They include

only those referred to in terms of the statute. Ency. of Pleading and Practice, vol. 5, p. 111.

We take it that if Act No. 135, p. 222, of 1898, §§ 12, 13, is not controlling then there is no law under which it is possible to tax the costs on the parish.

We will apply ourselves to ascertain if it has application in this case.

The act in question provides for a jury in a civil suit, and for the deposit of costs by the party by whom a jury trial is asked. No jury is to be ordered unless the costs required are deposited. It relates exclusively to a deposit of $12 to obtain a jury trial in ordinary civil suits. Nothing in the terms of the statute leads to the inference that the cost of summoning and impaneling a jury in expropriation proceedings was intended.

That the judge also may order a jury ex officio is one of the provisions of the statute before us at this time, i. e., Act No. 135, p. 216, of 1898.

It suggests itself in the first place that the provision of the statute relates exclusively to a jury prayed for by one of the parties; while in an expropriation suit a jury must of necessity be impaneled to try the cause. On "petition" or "motion" of either of the parties to the suit is the law, and on depositing $12, while in expropriation proceedings without any regard to any deposit for costs or without regard to anything in the petition or motion to that effect, the case must be tried by a jury; the costs are expressly provided for in the first instance and not in the second.

In Act No. 135, p. 216, of 1898, the unsuccessful party must pay the costs.

It is not easy to determine who is the prevailing party in an expropriation suit. One (the plaintiff) gets the property for which he prays, and the other, the value of the land. As relates to success in the suit, one may be considered as successful as the other.

But there is other ground for holding that the general law has no application.

Under the general law (Act No. 135, p. 216, of 1898) each party is entitled to six peremptory challenges. In expropriation proceedings there are no challenges allowed. Under the general law the jurors are summoned in accordance with the prayer of one of the parties to the suit; or the jurors who are to serve when the judge ex officio orders a jury are drawn by commissioners, while the drawing and summoning of a special venire of jurors in expropriation cases are drawn by the clerk and sheriff of the district court. Civ. Code, art. 2632.

Expropriation suits are tried by the court under a special jury and under special laws.

True, section 12 of the cited act (No. 135, p. 222, of 1898) contains the provision that jurors who attend and serve, and by whom civil and criminal cases are triable, shall receive $2 for each day's attendance and 5 cents for each mile from the parish seat.

If the statute went no further it might successfully be contended that the parish must pay. But the section following contains provisions which apply to both sections 12 and 13. The last section contains provision for collecting the amount before mentioned from the party to the suit who applies for a jury. This amount is taxed to the party cast in the suit. The two sections must be construed together.

The $12 are paid by the parish, and are to be reimbursed by the party cast in the suit. Each of these sections is a part of the general law, and has no application to expropriation cases.

A similar question was discussed in State v. Simmons, 43 La. Ann. 991, 10 South. 382. It was held that the absence of statutory provision was fatal to the claim presented in that case.

The fees in an expropriation suit are not.

due under statute applying to costs generally.

The law relating to expropriation makes provision for the payment of costs taxed as such, but it contains no provision regarding the jury summoned to try the special case. It is a fee to which they are entitled whenever allowed, and does not come within the definition of the costs of court. In other words, the mileage and per diem of the jury are not costs.

The statute makes provision for the payment of the "costs of the proceedings." They do not include the mileage and per diem of the jury.

This does not refer to jurors. The word "proceedings" has a restricted meaning.

"Proceedings" do not include the mileage and per diem. "Proceedings" are remedial.

"Costs of proceedings" include the "proceedings" in court in the case, and not the fee or salary of the court (the jury becomes a part of the court in expropriation proceedings) unless a law so direct. Here, after careful research, we have not found such a law.

The jury in the case is a part of the court. Litigants are not bound to pay jurors unless it is so provided in the statute.

Learned counsel, representing the parish of St. Landry, in argument quoted from "the City of New Orleans, Praying for a Jury of Freeholders," 20 La. Ann. 395.

In that case the jury had, strange to say, fixed their own compensation at the extraordinary sum of $1,800.

The case was tried before the civil district court, parish of Orleans.

The Supreme Court denied to the jury any such authority, and annulled and canceled the decree allowing $1,800. The court held that the usual fee fixed by law was due.

As relates to a law authorizing the taxing of costs in expropriation cases there was no such law.

As an authority the above decision does not commend itself.

In Vicksburg, S. & T. R. Co. v. Hart, 15 La. Ann. 507, also cited, the court held "that the plaintiff ought not to be held for costs in an expropriation proceeding."

We agree to that view as applying as relates to all parties.

It is therefore ordered, adjudged, and decreed that our former judgment heretofore handed down remains unchanged except in the following particulars:

It is further ordered, adjudged, and decreed that the judgment of the district court appealed from by the parish of St. Landry as relates to the costs of summoning and the fee of jurors in expropriation cases is hereby made to read so as not to exclude such costs or fees. In other words, that part of said judgment which reads "hereby amended so as to decree that the parish shall pay such costs and not the parties litigant" is stricken out, annulled, and reversed.

It is further ordered, adjudged, and decreed that, as relates to the asserted fees of jurors, or asserted costs, the plaintiff cannot recover a jury fee (nor said costs of summoning jurors) from the defendant, nor the defendant from the plaintiff, nor can the parish be held liable for said fees.

Further, that the costs of the appeal (exclusively costs of appeal) of the parish of St. Landry, third party appellant, in this case, as relates to said fees, be taxed, one half to plaintiff, the Opelousas, Gulf & Northeastern Railway Company, and the other half to the St. Landry Cotton Oil Company, defendant in the suit.