PROVOSTY, J.
Defendant having been returned as elected over plaintiff, as member of council, city of Shreveport, plaintiff brought this suit contesting the election. The court set aside the election, and condemned defendant to pay the costs, amounting, it is said, to over $500. Defendant asks this court to review that decision in so far as it condemns him to pay the costs. He refers to the decision of this court in the cases of Borgstede v. Clark, 5 La. Ann. 733, Lanier v. Gallatas, 13 La. Ann. 175, and Duson v. Thompson, 32 La. Ann. 861, as a settled jurisprudence to the effect that, except as otherwise expressly provided by law, the costs of a contested election case should not he borne by the party cast, hut by the public. The two latter decisions are founded on the first, and the first is founded upon supposed motives of public policy. These motives of public policy were suffered to override the express provision of the Code of Practice requiring the costs to be borne by the party cast. It was doubtless iu view of that' jurisprudence that Act No. 59, p. 57, of 1880, was passed, requiring the costs to. be borne by the party cast in suits involving state and parish offices. That act does not mention municipcal offices; but it unquestionably adopts a different public policy from that on which the above-named decisions are based, and, the reason of those decisions ceasing, the decisions themselves lose their authority. It is not very apparent how the municipality could be condemned to pay the costs of a suit to which it is not a party. “Costs are the creatures of statutory law.” Johnson v. Judge, 107 La. 70, 31 South. 645; Opelousas, etc., R. R. Co. v. St. Landry, 121 La. 802, 46 South. 810. No statute makes the city of Shreveport liable for the costs of this suit.
This application for writs of certiorari and prohibition is therefore dismissed, and relator is condemned to pay the costs thereof.