(57 South. 780.)

No. 18,735.

CLAUSSEN v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(Jan. 29, 1912. Rehearing Denied Feb. 26, 1912.)

(Syllabus by the Court.)

1. COSTS (§ 194*) — TAXATION—RULE—SUFFICIENCY.

The plaintiff in a suit is primarily liable for the costs of court, and in a rule to tax the costs on the party cast it is not necessary that he should allege that he has paid the costs; it is sufficient that he is liable for them, especially when it appears that the clerk of court has already paid the costs, such as jury fees, etc.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 194.*]

2. COSTS (§ 175*)—LIABILITY FOR JURY FEES.

Under the statute relating to the fees of jurors, they are allowed two dollars per day for the time they serve; but jurors who are only in attendance and do not serve are not entitled to be paid this sum by the one cast in the suit.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 698, 699; Dec. Dig. § 175.*]

3. COSTS (§ 3*)—DEPENDENT ON STATUTE.

Costs, being unknown to the common law, are creatures of statutory law, and can be taxed only when there is a provision of law creating them.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1; Dec. Dig. § 3.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Neill, Judge.

Action by Otto C. Claussen against the Cumberland Telephone & Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Foster, Milling, Brian & Saal, for appellant. Denegre & Blair and Caffery, Quintero, Gidiere & Brumby, for appellee.

BREAUX, C. J. This cause is before the court, as alleged in a rule of plaintiff, to fix the amount of the costs. The facts are not disputed, and only questions of law are presented.

The plaintiff claimed the following items:

| | |
|---|---|
| Per diem for 12 jurors, who served 5 days at $2 a day | $120 00 |
| Mileage of these jurors, per diem | 6 25 |
| Of 11 jurors summoned on venire and in attendance on the court from 1 to 5 days, but not serving in this case | 50 00 |
| Mileage of defendant | 14 40 |
| Publishing venire list | 20 00 |

The costs were incurred in the suit brought by plaintiff against defendant, in which plaintiff recovered judgment for the sum of $75. The defendant paid the judgment in principal and interest and those of the costs that were considered due.

The costs paid were:

| | |
|---|---|
| Sheriff's costs as per bill rendered | $ 13 50 |
| Clerk's costs | 158 70 |
| Witnesses' fees | 31 50 |

Respondent denied its liability for the items first above mentioned for jury fees and mileage, and denied its liability for the item of $20 due to W. H. Latham for advertising the jury venire.

Respondent's contention is that it could

only be taxed for jury fees at the rate of $1 per day that each juror served during the trial of the cause, and that each of the 12 jurors who tried the case served a total of 5 days. Respondent made a tender of $60 for jury fees, but denied all indebtedness for a larger amount due to the jurors.

At the conclusion of the trial, the defendant filed an answer to the rule, denying plaintiff's claim, and alleging, in substance, that the petit jurors were drawn to try civil cases and there were a number of civil cases on the docket of the court; that the case entitled as above was fixed to be tried on June 14th; and that other civil cases were likewise fixed for trial during the week.

[1] One of the grounds of defendant as set forth in the answer is that there is neither allegation nor proof that plaintiff has expended or owes one cent for jury fees, and that he may never be called upon to pay one cent for these fees, and that until he pays he cannot call on the defendant.

The defendant joins in the appeal, and asks that the judgment be amended by sustaining its exception. We have not found a special exception in the case, but only the answer, in which there are grounds in the nature of an exception. The defendant, in the answer to the appeal, in the alternative, asks that the judgment be amended by allowing $1 to the jurors, instead of $2, a day.

We have noted that the judgment allowed was $120. The further ground is urged by appellee that there is no proof before the court that the costs have been actually paid by defendant to those entitled to these costs; that is, to the jurors and others.

Taking up, first, for decision the last of appellee's grounds: There would be great force in this position if it were not that the clerk has paid the costs. It is true that he did this without being requested so to do by either plaintiff or defendant. As, however, he has paid these costs, under the jurispru-

dence, plaintiff in rule can proceed against the defendant, in order to compel him to pay the amount to satisfy the claim of the clerk of court, who, doubtless, in turn will seek proper settlement from the police jury. The plaintiff is primarily liable for costs. He can therefore stand in judgment as plaintiff in a suit for an amount which has been paid to the officer entitled to recover it. If the amount be not paid by the defendant, it would have to be paid by the plaintiff. These fees are chargeable to the party cast.

[2] As to the costs of other jurors than those who have served, and as regards publishing the jury venire, we can only say there is no statute under which the costs of publishing the jury venire and mileage per diem of other jurors than those who have served can be taxed on the party cast in the suit.

We infer that the clerk had the $12 in his possession, which he applied in paying in part the amount which was due to the jury, and he completed the act of payment by paying the jurors in full. We have noticed the point, although there was really no necessity for thus noticing it. For, while it is argued that the costs have never been paid, there is no allegation nor proof that they have not been paid. The point not having been made, the defendant has no good cause of complaint. We base our conclusion on this point on the fact that there is no evidence of record that the jurors have not been paid; but, on the contrary, it appears that they have been paid as before mentioned.

As relates to the amount of the per diem, we are of the opinion that it is $2. There is a provision contained in one of the articles of the Constitution directing the Legislature to adopt a jury law and to provide for the compensation of the jurors. This mandate of the Constitution was complied with, and the jury law was adopted; to wit, section 12 of Act 135 of the General Assembly for the year 1898. The statute cited above express-

ly states that the per diem shall be $2. The court has always interpreted section 13 of that statute as allowing $2 per day for jury services.

Something has been said about the $12, which the statute directs shall be deposited with the clerk in order to have the trial before a jury, as limiting the amount to $1 per day for each juror. But the law does not so read; on the contrary, it makes provision for securing an additional amount, in case an additional amount should be due for several days service of the jury, requiring that a bond shall be furnished, payable to the police jury for this amount. See the act before cited, providing that the clerk shall require bond for additional per diem, in case there is additional costs due.

As relates to other items per diem, jurors who were in attendance and did not serve, and the mileage and the publishing of the jury venire, we will state again a little more in detail, and in order to cite decisions, we do not think that they should be charged to the party cast in the suit. They are part of the court's expenses. The jury, after it is organized, is a part of the court for the administration of the law, and the expense of a jury should not be charged to the parties litigant, unless there is a special provision under which the charge can be made. We have decided that it is the duty of the state to make provision for these costs. See O. G. & N. E. Railway Co. v. St. Landry Cotton Oil Co., 121 La. 801, 46 South. 810.

[3] For another reason, we are of opinion that these last costs cannot be allowed, as costs are chargeable under statutes; they are creatures of the law, and should not be taxed to the litigants without statutory sanction. State ex rel. Johnson v. Judge, 107 La. 69, 31 South. 645.

We quote the following as pertinent from 5 Ency. of Pleading & Practice, p. 110:

"As this recovering of costs eo nomine was unknown to the common law and was not expressly recognized until provided for by statute, it became the settled doctrine of the courts of law that costs were the creatures of the statutes merely, and that the allowance of them in any case would depend entirely upon the terms of the statute; that courts have no inherent power to award costs, which can only be granted in any case or proceeding by virtue of expressed statutory authority."

The act cited above (135 of 1898) is the only law giving to plaintiff the jury costs in case the defendant is cast. Testing the claims by this statute, it is evident that the additional items to which we have just referred are not due by the defendant, who has paid all the items required by statute.

It is therefore ordered, adjudged, and decreed that the judgment of the district court, allowing $120 for jury service, is affirmed, at appellant's costs.