(105 So. 72)

No. 26986.

### REYNAUD v. UNCLE SAM PLANTING & MFG. CO.

(May 25, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. Receivers ⬤➡92—Not personally liable for receivership acts, unless personally at fault.

A receiver is liable officially and not personally for his acts affecting receivership, unless he is personally at fault.

2. Receivers ⬤➡92—Required to use only ordinary care and prudence.

In caring for property or managing business placed in his charge, a receiver is bound to use only ordinary care and prudence.

3. Receivers ⬤➡92—Receiver held not personally liable for judgment obtained by employee discharged by him, where he exercised ordinary care.

Receiver *held* not personally liable for judgment obtained by discharged employee, where no imprudence or lack of ordinary care on part of receiver in discharging employee was shown.

4. Receivers ⬤➡58—Receiver held entitled to reasonable compensation for necessary services performed after reversal of order appointing him.

Notwithstanding reversal of order appointing receiver, *held* that receiver was entitled to reasonable compensation for services performed in defending two suits pending against receivership, and collecting large sums of money which inured to benefit of corporation and its stockholders.

5. Receivers ⬤➡99(1)—Entitled to compensation for necessary traveling expenses.

A receiver is entitled to compensation for necessary traveling expenses incurred while furthering business of receivership.

6. Receivers ⬤➡58—Receiver's attorneys held entitled to compensation for services rendered receiver.

Receiver's attorneys *held* entitled to compensation for services rendered to receivership in defending suits against receivership, even after order appointing receiver was reversed.

7. Receivers ⬤➡101—Not liable for interest, unless he had refused to pay on order or has made or been ordered to make interest.

A receiver is not liable for interest on funds in his hands, unless he has refused to pay on order, or has been ordered to make interest, or has made it.

8. Costs ⬤➡3—Can be taxed only when authorized by law.

Costs are creatures of statutory law, and can be taxed only when there is provision of law creating them.

9. Receivers ⬤➡58—Opponents to appointment of receiver properly denied recovery of costs against unsuccessful applicant.

There being no provision therefor in Code Prac. arts. 549, 550, and 552, or in Civ. Code,

arts. 3195–3198, inclusive, relating to recovery of costs, *held* that opponents to appointment of receiver are not entitled to recover salaries of receiver and his attorneys as costs against applicant for appointment of receiver after reversal of receivership order.

Appeal from 27th Judicial District Court, Parish of St. James; Sam A. Le Blanc, Judge.

Suit for appointment of receiver by Firmin Reynaud against the Uncle Sam Planting & Manufacturing Company, wherein a receiver was appointed, but the order of appointment reversed on appeal. Final account was filed by receiver, and defendant filed opposition and rule on plaintiff, to which plaintiff filed exceptions. From a judgment approving final account and ordering distribution of funds and dismissing opposition and rule, defendant appeals. Affirmed.

Howell, Wortham & Howell, of Convent, and Charles Louque, of New Orleans, for appellant.

Dart & Dart, of New Orleans, for appellee Reynaud.

Guion & Lambremont, of New Orleans, for appellee receiver.

Guion & Upton, of New Orleans, for appellees Roussel and Guion & Lambremont.

ROGERS, J. This appeal is in a litigation which, in one phase or another, has been before this court several times within the last three years.

In June, 1919, plaintiff, Reynaud, sued for the appointment of a receiver to the defendant company. The judgment of the district court appointing a receiver was reversed on appeal to this court. Reynaud v. Uncle Sam Planting & Mfg. Co., 152 La. 811, 94 So. 405. Subsequently said company and its stockholders sued Reynaud for damages caused by the receivership. Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 103 So. 276. During the receivership accounts filed by the receiver from time to time were opposed, judgments rendered, and appeals taken to this court. See 152 La. 50, 92 So. 731; 152 La. 58, 92 So. 733. See, also, for one angle of the litigation, Jacob v. Reynaud, 152 La. 353, 93 So. 121.

On June 25, 1924, the receiver filed his final account. On July 9, 1924, the defendant, together with certain stockholders of the corporation, opposed this account. On July 26, 1924, the account was homologated in part. On September 18, 1924, the defendant company filed a rule on plaintiff, Reynaud, to have taxed as costs against him the fees of the receiver and of his attorneys.

An exception was filed by the receiver to the opposition to his account on the ground that it was an attempt to cumulate therewith a proceeding wherein it was sought to obtain a judgment against Firmin Reynaud, a third person, which could be rendered only in a direct action.

For return to the rule against him Reynaud excepted to the form of the proceeding, and, with reservation thereof, pleaded prematurity, no cause of action, res adjudicata, and the prescription of one year.

The rule and the exception were referred to, and taken up with, the merits; and judgment was rendered approving and homologating the receiver's third and fourth quarterly accounts and final account, and ordering the distribution of the funds accordingly. The opposition was dismissed, and the exception to the form of the proceeding and of no cause of action filed by Firmin Reynaud to the rule taken against him was sustained, and the said rule was dismissed. From this judgment opponents and the mover in said rule have appealed.

Reynaud has answered the appeal, asking that the judgment be amended so as to maintain the pleas of res adjudicata and prescription.

Appellant, the Uncle Sam Planting & Manufacturing Company, has filed in this court a

special assignment of error, alleging that the judgment appealed from is confiscatory and violative of the Fifth Amendment to the federal Constitution, and that it deprives appellant of its property without due process of law.

On this appeal appellants have abandoned all but five of their grounds of opposition to the receiver's accounts. We will discuss separately the five items remaining in dispute.

1. Opponents contend that this court should refuse to permit the receiver to pay $1,100, reserved by him on his final account for that purpose, to Jules J. Jacob in satisfaction of a judgment rendered by the Court of Appeal in his favor and against the receivership. They claim the receiver should be held personally for the amount of said judgment, together with the costs of court incurred in said suit. Their argument is that the indebtedness was the result of the wrongful act of the receiver in discharging Mr. Jacob before expiration of his term of employment, and that the corporation was forced to pay him a salary for a period when it was not receiving the benefit of his services.

In April, 1920, shortly after the receiver was appointed, on the recommendation of the district judge, he employed Jules J. Jacob, who was a stockholder, and who had been general manager of the plantation, at a salary of $200 per month. On July 15, 1920, the receiver discharged Mr. Jacob. Thereafter, claiming that his employment was for one year, Mr. Jacob brought suit against the receiver for the balance of salary alleged to be due for the remainder of the year. The receiver resisted the suit, averring that the employment was by the month and not by the year. The district court for the parish of St. James sustained the receiver, but the Court of Appeal reversed the judgment, and rendered a decree in favor of Mr. Jacob.

There is no evidence in the record to show why Mr. Jacob had been discharged by Mr. Roussel, the receiver. A certified copy of the opinion and decree of the Court of Appeal was the only offering on the point. On reading that opinion, it appears that the question which concerned the court was whether the employment of Mr. Jacob, under the evidence and custom of the business of operating sugar plantations, was monthly or yearly. Concluding that the employment was by the year, the court held in favor of Mr. Jacob.

[1, 2] The general rule is that a receiver is liable officially, and not personally, for his acts affecting and concerning the receivership, unless he is personally at fault. In caring for the property or managing the business placed in his charge he is bound to use only ordinary care and prudence. When he has done this, he has fulfilled his duty, and is not liable for losses which occur to the estate committed to his charge.

[3] Opponents have not shown that in discharging Mr. Jacob the receiver was guilty of any imprudence or lack of ordinary care. Non constat, that his action was not influenced by what he considered to be for the best interests of the receivership; and, presumably, as to his legal rights, he was guided by the advice of counsel for the receivership.

In these circumstances we do not find any merit in this contention of opponents.

[4] 2. Opponents aver that the item of $2,100, claimed by the receiver as his salary for the years 1921, 1922, 1923, and part of 1924, should be stricken from his final account. They urge that no compensation is due the receiver after January 15, 1921, when the plantation was taken in charge by the sheriff under foreclosure proceedings; or, in any event, he should not receive any compensation after November 27, 1922, when the decree of this court vacating his appointment as receiver became final.

We are unable to sustain this contention. The record shows that there were two suits pending in the courts against the receiver, the one brought by Mr. Jacob to recover the balance due on his salary, and the other by Miss Adele Jacob for rent, which she claimed to be due her for her St. Michael plantation under a lease entered into with the defendant corporation prior to the receivership. It was the duty of the receiver to defend these suits. The judgment in the suit of Miss Jacob only became final on May 12, 1924. See Jacob v. Roussel, Receiver, etc., 156 La. 171, 100 So. 295. The receiver filed his final account on June 24, 1924.

In High on Receivers (4th Ed.) § 833, p. 986, the rule is stated as follows, viz.:

"The reversal of an order appointing a receiver does not result ipso facto in the discharge of the receiver. And, although as between the parties to the litigation his functions have terminated with the determination of the suit, he is still amenable to the court as its officer until he has complied with its directions as to the disposal of the funds which he has received during his receivership."

In Tardy's Smith on Receivers (2d Ed.) vol. 2, § 789, pp. 2119, 2120, appears the following:

"An order revoking the appointment of a receiver necessarily discharges the property from the control of the court and the receiver from further authority over it. The circumstances at the time may require an order specifically directing to whom the property is to be restored and an order specifically discharging the receiver from further responsibility."

And the same author, section 789, pp. 2125, 2126, same edition and volume, announces the following:

"In any event, upon the dismissal of the action" (in which the receiver was appointed) "it may be necessary for the receiver to retain possession of the property until the court can make proper orders concerning its return and concerning the accounts of the receiver and liabilities and rights growing out of the receivership."

158 LA.—35

The decree vacating the appointment of the receiver to the defendant corporation not only did not order the immediate restoration of the property to said company, but expressly reserved "for proper adjudication the questions arising from the gestion of said receiver pending this appeal." See 152 La. 820, 821, 94 So. 408.

Neither the defendant corporation nor the stockholders thereof demanded the redelivery of the property, nor did they take any steps to secure such redelivery. In the meantime, the receiver collected the sum of $46,320.62, including $6,500, as the result of a litigation in the foreclosure proceedings against the plantation, and $7,876.40 from the federal government, being amount of overpayment for income taxes prior to the receivership.

The defendant corporation and its stockholders received the benefit of the receiver's services in collecting this large amount of money, and it would be inequitable not to allow him reasonable compensation therefor.

[5] Opponents have asked the court, in fixing the compensation of the receiver, to take into consideration certain traveling expenses claimed by him. We are at a loss to understand how these expenses can have any bearing upon his compensation, except, perhaps, to augment it by showing the necessity for the receiver to journey from place to place in the interest of the receivership. It is not suggested that the amount, or any part thereof, claimed was used by the receiver for his personal business, and, in the absence of any evidence to contradict the testimony of the receiver as to the propriety and correctness of these items, we see no valid reason to disallow them.

[6] 3. Opponents oppose the item of $2,500, which is placed on the final account as being due the attorneys for the receiver for services rendered during the years 1921, 1922, 1923, and part of 1924. We do not under-

stand that they dispute the reasonableness of the amount charged; their objection being leveled at the payment of any fees at all after December 14, 1922, the date of the finality of the judgment setting aside the receivership. They make the same argument in respect of this item as they make against the allowance of the fees for the receiver for the same period. Inasmuch as these attorneys represented the receiver in the two suits hereinbefore referred to, and rendered other services to the receivership during said period, and as the receiver until his final discharge was entitled to the expert advice and the professional services of counsel, they should be reasonably compensated for their work. Opponent's opposition to this item is therefore not well founded.

4. The next ground of complaint urged by the opponents is that the receiver should be held personally liable for legal interest from November 27, 1922, on the whole amount he proposes to distribute. The contention is that the receiver should have placed the funds of the receivership in a bank which would have paid interest on the deposit. No authority is cited in support of the proposition.

[7] The general rule is stated in Hodge v. Quiry, 9 Ky. Law Rep. 650, and is as follows:

"A receiver is not liable for interest on funds in his hands, unless he has refused to pay on order, or has been ordered to make interest, or has made it."

See, also, Tardy's Smith on Receivers (2d Ed.) vol. 1, § 47, p. 206; High on Receivers (4th Ed.) § 803, p. 952; Alderson on Receivers, § 207, pp. 342, 343, § 617, pp. 843, 844; Clark on Receivers, vol. 1, § 794.

In the case before us it is not shown that the receiver refused to pay on order, or that he was ordered to make interest, or has made it; nor that he personally used the money or obtained any benefit whatever from the retention of the receivership funds. In these circumstances we do not think the receiver can be charged with interest on the funds in his hands.

5. The last point presented and argued on behalf of opponents is that the salaries of the receiver and his attorneys should be taxed as costs against the plaintiff in the suit. This claim was set up in the opposition, and was presented also in the rule taken against plaintiff.

[8] Costs are creatures of statutory law, and can be taxed only when there is a provision of law creating them. Claussen v. Telephone Co., 130 La. 143, 57 So. 780; Opelousas, etc., v. St. Landry, etc., 121 La. 143, 46 So. 810; State v. Judge, 107 La. 69, 31 So. 645.

[9] The recovery of costs is provided for in Code of Prac. arts. 549, 550, and 552; Civ. Code. arts. 3195 to 3198, inclusive. The so-called costs sought to be recovered by opponents are not covered by these statutory provisions. Nor does the receivership statute authorize the taxing of the salaries of the receiver and his attorneys as costs against the unsuccessful plaintiff, although it is provided that the fees and disbursements of the attorney for minority stockholders successfully applying for the appointment of a receiver shall be taxed as costs, and that the minority stockholder, or stockholders, unsuccessfully applying for the appointment of a receiver shall be liable for reasonable counsel fees and expenses to the corporation. In the case of Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 103 So. 276, the right of the said corporation, opponent herein, to recover damages and attorney's fees against the unsuccessful plaintiff was adjudicated upon.

The judge of the district court did not err in refusing the demand of opponents to tax the fees of the receiver and his attorney as costs against the plaintiff, Reynaud. Holding this view, it becomes unnecessary for us

to pass upon the pleas of res adjudicata and prescription filed by said plaintiff. However, we reserve his right to urge these pleas to any action which the opponents and mover in the rule may see fit to hereafter institute against him for the purpose of recovering the amount of said fees of the receiver and his attorneys.

Counsel for the opponents have not argued the question raised by the special assignment of error filed by them in this court. Inasmuch as they have not pointed out wherein the judgment appealed from is confiscatory and violative of the federal Constitution, and as we, for our part, have been unable to discover any basis for the attack upon the judgment on the ground urged, we are compelled to conclude that there is no merit in the plea.

For the reasons assigned, the judgment appealed from is therefore affirmed, at appellants' costs.

O'NIELL, C. J., absent.