146 So.2d 414

**STATE of Louisiana, through the DEPART-MENT OF HIGHWAYS**

**v.**

**Frank J. JONES.**

No. 46077.

Nov. 5, 1962.

D. Ross Banister, Glenn S. Darsey, Brunswig Sholars, Baton Rouge, for plaintiff-applicant.

Breazeale, Sachse & Wilson, Baton Rouge, for respondent.

HAWTHORNE, Justice.

We granted certiorari in this expropriation case to review only the question of whether the Court of Appeal was correct in affirming a judgment of the district court which assessed as damages the expenses of the landowner for fees of expert appraisers for work done preparatory to trial.

The Department of Highways obtained an order expropriating property of the respondent and deposited in the registry of the court a sum representing its estimate of just compensation. The landowner refused to accept the amount deposited, and after trial the district court awarded him an additional $7200.00 for the land taken, with legal interest from judicial demand until paid. The court also awarded the landowner $450.00 and $325.00 as fees for work done by his two appraisers, with legal interest on these amounts from judicial demand until paid. The court further awarded these appraisers $50.00 each for expert testimony at the trial, to be taxed as costs. On appeal by the highway department the Court of Appeal affirmed this judgment. See La.App., 138 So.2d 466. The Department of Highways applied to this court for a writ, and we granted it on the limited issue set out above.

After this court had granted the writ, respondent Frank J. Jones filed a motion here for an order to recall the writ, alleging facts which he contends show that the case is now moot. On the other hand, in open court on the day the case was fixed for argument counsel for relator denied the facts alleged in the motion, and under these circumstances we have concluded to resolve the legal question upon which we granted certiorari. To reiterate, this is the narrow question of whether the fees of the successful landowner's experts for preparatory work are properly items of damages, as decided by the district court and the Court of Appeal, or whether these fees should be taxed as costs, as argued by the highway department.[1]

Relator, Department of Highways, concedes that it is liable for costs in this case because it failed to deposit in the registry of the court the amount judicially determined to represent the fair market value of the private property expropriated. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612; Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So.2d 600. The department contends that its liability for costs here includes the judicially approved fees and expenses of respondent's expert witnesses

1. If these items are costs, the judgment awarding the landowner legal interest

from judicial demand on the amounts thereof is incorrect.

who testified in this case, and that both the district court and the Court of Appeal erred in considering these fees as damages and ordering that these amounts should bear legal interest from judicial demand.

■ It is well settled that the liability of litigants for the payment of costs is fixed by statute. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, supra; Opelousas, Gulf & N. E. Ry. Co. v. St. Landry Cotton Oil Co., 121 La. 796, 46 So. 810; Deal v. Hodge, 124 La. 998, 50 So. 823; Claussen v. Cumberland Telephone & Telegraph Co., 130 La. 143, 57 So. 780; Reynaud, v. Uncle Sam Planting & Mfg. Co., 158 La. 1083, 105 So. 72.

In the Westwego case this court had before it the question of whether the fees of an expert for services of the same kind as those with which we are dealing in the instant case were assessable as costs, and concluded that they were under Act 19 of 1884, the source of R.S. 13:3666.[2] In the Westwego case this court said:

" * * * The fees and expenses of experts summoned and used by the successful litigant may be taxed as costs. Act No. 19 of 1884; Levy v. McWilliams, 13 La. App. 444, 127 So. 761, 129 So. 170, citing Suthon v. Laws, 132 La. 207, 61 So. 204. * * *"

■ In the instant case the fees with which we are here concerned are made an item of costs by statute and under the jurisprudence of this court, and should have been assessed as such.

In a two-to-one decision with Judge Landry dissenting, the Court of Appeal concluded that the fees of these experts should be assessed as damages on the basis of certain language found in State v. Barineau, 225 La. 341, 72 So.2d 869, in which this court was quoting from the Westwego case, supra. In each of those cases the fees of the experts being considered were actually treated as costs and not as damages, and the judgment was for costs. Furthermore, this court never contemplated and did not intend by the language used in either the Westwego or the Barineau case that items such as those which we are here considering were to be regarded as damages rather than as costs.

For the reasons assigned the judgment of the Court of Appeal is amended so as to award the experts' fees of $450.00 and $325.-00 as costs and to delete from the judgment the award of legal interest from judicial demand on these amounts. In all other respects the judgment of the Court of Appeal is final. Respondent is to pay all costs in this court.

2. R.S. 13:3666 was amended by Act 114 of 1960, after the district court had rendered judgment in the present case.