SAVOY, Judge.
Certain of defendant’s land was expropriated for highway purposes in three separate suits; the cases were consolidated, and, upon trial on the merits, the lower court awarded, inter alia, severance damages of $28,458.00.
From that judgment, the State has appealed, and defendant has answered the appeal.
At the time of trial in the lower court, the value of the land taken was stipulated. Thus, the main issue on this appeal is that of severance damages.
The State contends that no severance damages should have been allowed, and that the lower court erred in assessing the charges of expert witnesses as a part of the award in damages rather than as costs.
The defendant contends that the amount of the severance damages should be increased, and that there is no error in the lower court judgment regarding experts' charges.
Before the expropriation, the land in question was an irregularly shaped tract of about 275 acres; its southern boundary bordering on a hard-surface road; and its northeastern part being leased out by the defendant as a golf course for approximately the next fifteen years. As a result of the expropriation, the part not used as a golf course was divided more or less in half, separating its northern part from the hard-surface road to the south. The new highway, when completed, will run in an east-west direction along the southern edge of what is now the golf course, and is to be a limited access facility. Thus, the northern portion of the property not used as a golf course is cut off from the south by the new highway, from the north and east by the golf course for the remainder of the term of the lease, and from the north and west by other owners.
The areas designated as 7-5 and 8-14 on a plat marked as Exhibit “A” in the trial court evidence were taken in fee by the plaintiff-appellant. In addition, a temporary servitude for a borrow pit is shown just north of the highway right-of-way near defendant’s western boundary.
Four expert witnesses testified, two each for the State and for the defendant. All of them are reputable real estate brokers and appraisers.
However, the two witnesses for the State based their initial evaluations on the assumption that an access road to the northern portion of defendant’s property would be available. Without attempting to go into engineering details, suffice it to say that the record reveals such is not the case. Both of the State’s witnesses apparently were not aware of this until just prior to trial, and on cross-examination, they both testified that, lacking an access road, their evaluations would be subject to change.
On the other hand, both of defendant’s witnesses, Messrs. M. S. Abelman and Forrest K. White, Jr., included severance damages in their evaluations, based primarily on a lack of access facilities. The severance damages found by them were $28,458.00 and $37,280.00, respectively. The State made no attempt to rebut the lack of access.
In view of the foregoing facts, the lower court properly found that severance damages were in order.
In arriving at his figure for severance damages, Mr. Abelman found that the highest and best use of the property was for potential subdivision purposes. In valuing *357 the property he used the cost, income and comparative market values approach, and appraised the property in its entirety on before and after taking bases. He felt that the severance damages arose primarily from three sources: (1) a changing of the shape of the property, which created a number of odd shaped lots less desirable for utilization ; (2) the necessity for buffer zones immediately adjacent to highway right-of-way on its north and south sides and around the borrow pit; and, (3) lack of access to the northern portions of the property during the term of the golf course lease. He computed the value of the property before the takings and after the takings, then deducted the value of the takings and arrived at severance damages of $28,458.00. He testified that he was unable to break down the damages by individual tracts or parcels for the reason that all of the takings, including the borrow pit, occurred simultaneously.
Mr. White, in arriving at his figure for severance damages, followed substantially the same procedure as did Mr. Abelman. Further, he described substantially the same cause of the resulting damages. He used the same approach of before and after values, less the value of the takings, to arrive at severance damages of $37,280.00. As was the case with Mr. Abelman, he could not break the figure down because of the simultaneous takings.
On this appeal, however, the State takes the position that, under the terms of LSA-R.S. 48:451 and 453, a landowner may not prove his damages, if any, until the project for which the expropriation was made has been completed, he then having one year from that time to do so. This Court has previously ruled to the contrary. State v. Davis, (La.App., 3 Cir., 1963), 149 So.2d 164; and, State v. Williams, (La.App., 3 Cir., 1961), 131 So.2d 600.
Regarding the amount of severance damages, the defendant takes the position that the lower court, in accepting Mr. Abelman’s figure of $28,458.00, did not give proper weight and effect to the testimony of Mr. White; and that, either the higher of the two should form the basis of the award, or the two figures should be averaged. After examining the testimony of the witnesses, we find no manifest error in the lower court judgment. Although both experts used essentially the same method in appraising the property, the former expert’s testimony is much more detailed and specific as to the components used in arriving at the net severance damages, and we see no manifest error in the trial court’s accepting Mr. Abelman’s final figure instead of the latter expert’s. Nor should a simple average of figures be employed solely as a matter of convenience and expediency. Greater Baton Rouge Consolidated Sewer District v. Nelson, (La.App., 1 Cir., 1962), 144 So.2d 186.
In the instant case, the lower court judgment states, in part, as follows:
“ * * * that there be an additional judgment herein in favor of defendant, Peter B. Brammer, and against the State of Louisiana, through the Department of Highways, for the sum of $5,615.00 as re-imbursement for the charges of defendant’s experts for their preparation for the trial of these three cases, * * * with interest at the rate of five (5%) per cent from the date of this judgment until paid.”
We agree with appellant’s contention that these items are properly assessable as costs. State v. Jones, 243 La. 719, 146 So.2d 414; and, City of Houma v. Bolden, (La.App., 1 Cir., 1963), 149 So.2d 7.
For the reasons assigned, the judgment of the lower court is amended so as to assess the experts’ charges of $5,615.00 as costs, and to delete from the judgment the award of legal interest upon this amount. In all other respects, the judgment of the lower court is affirmed. Plaintiff-appellant is to pay all costs of this appeal.
Amended and affirmed.