# Bauer et al. *v.* Wilkes-Barre Light Co.

*Corporations—Receivers' commissions—Counsel fee—Priority of payment over state taxes and receivers' certificates—Act of June 15, 1911, P. L. 955.*

1. A receiver's compensation and counsel fees are part of the costs of the suit, and as such have priority over state taxes in the distribution of a fund raised by the sale of the assets of the corporation.

2. A receiver's compensation and counsel fees are not claims or liens against the corporation within the meaning of the Act of June 15, 1911, P. L. 955, giving taxes priority, but are costs in the proceedings.

3. Receivers' certificates issued by receivers appointed by the United States District Court in a bankruptcy proceeding over a public service company over which that court subsequently deter-

mined it had no jurisdiction, are not preferred over the compensation of a receiver appointed by the state court, and the fees of his counsel, and taxes due the Commonwealth, where the fund for distribution was raised on a sale made by the state receiver.

Argued April 11, 1922.    Appeals, Nos. 345 and 350, Jan. T., 1922, by the Commonwealth and by the Western Electric Co., from order of C. P. Luzerne Co., Feb. T., 1912, No. 14, dismissing exceptions to auditor's report, in case of R. Bauer & Son et al. v. Wilkes-Barre Light Co.  Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ.  Affirmed.

Exceptions to report of Charles B. Waller, Esq., auditor.  Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed.  The Commonwealth and the Western Electric Co. appealed.

*Errors assigned,* inter alia, in both appeals were decrees dismissing exceptions, quoting them.

*George J. Llewellyn,* with him *George E. Alter,* Attorney General, and *George Ross Hull,* Deputy Attorney General, for Commonwealth, appellant.—A receiver cannot diminish the funds due to lien creditors by retaining an allowance for receiver's commissions and counsel fees. For such allowance they must look to the other property of the company: Moore v. Lincoln Park, 196 Pa. 519; Lane v. Hotel Co., 190 Pa. 230; Penna. E. Works v. Stamping Co., 259 Pa. 385; Com. v. Textile Co., 11 Dauphin Co. R. 51; Gillespie v. Glass Co., 189 Pa. 50; Robinson v. Ry., 66 Pa. 160; Gehr v. Iron Co., 174 Pa. 430; Bain v. Coal Co., 59 Pa. Superior Ct. 356.

The taxes had priority: Com. v. Lehigh Val. R. R., 186 Pa. 235; McKees Rocks School Dist. v. Reid, 48 Pa. C. C. R. 454, 68 Pitts. L. J. 17; Goodwin Stove & Meter Co.'s Assigned Est., 166 Pa. 296; Stratford & Franklin Paper Mill Co., 257 Pa. 163; Lewis v. Light Co., 62 Pa.

Superior Ct. 282; Com. v. Graphite Co., 257 Pa. 249; Com. v. Graphite Co., 248 Pa. 344.

*Jos. P. Flanagan,* with him *Thos. H. Atherton,* for Western Electric Co., appellant, cited: In re Tyler, 149 U. S. 164; Traction M. Co. v. P., M. & W. Ry., 261 Pa. 153; N . Y. Banking Assn. v. Am. Ship Building Co., 19 W. N. C. 471.

*Evans C. Jones,* with him *W. Foster Reeve,* for Wm. N. Trinkle, appellee.—The compensation of counsel for the receiver for professional services rendered is an essential part of the judicial costs and administration expenses of the court having control of the fund and of necessity takes precedence in law or equity over all other claims against the fund to be distributed: Ex parte Tyler, 149 U. S. 164.

Receiver's and counsel's compensation have priority over state taxes.

*M. J. Mulhall,* Receiver, P. P., cited: Frick v. Fritz, 100 N. W. 513; Bradford v. Folsom, 7 N. W. 604; Wilson Cotton Mills v. Randleman Cotton Mills, 20 S. E. 770, 773, and textbooks quoted in the opinion of the Supreme Court.

OPINION BY MR. JUSTICE SCHAFFER, May 8, 1922:

The questions raised by these two appeals are (1) whether state taxes due by an insolvent corporation are payable out of the funds raised on a receiver's sale of its property before the receiver's commissions and the fees of his counsel; (2) whether receivers' certificates, issued by receivers appointed by the United States District Court in a bankruptcy proceeding, for a corporation over which that court subsequently determined it had no jurisdiction, because it was a public service company, are preferred in distribution over the receiver's compensation and the fees of his counsel and taxes due the Com-

monwealth, where the fund was raised on a sale made by
the receiver appointed by a state court.

The Wilkes-Barre Light Company, formed for the pur-
pose of furnishing electric light in that city, as a result
of an endeavor to compete with an older established com-
pany, became insolvent and a receiver was appointed for
it by the court of common pleas; thereafter, in bank-
ruptcy proceedings instituted in the United States Dis-
trict Court, receivers were appointed. The tenure of
these appointees was cut short by the sustaining of a de-
murrer, which raised the question of the power of the
United States Court to take jurisdiction of a public serv-
ice corporation in bankruptcy proceedings. Before they
were ousted, the United States receivers, under authority
of the court appointing them, issued receivers' certifi-
cates to the amount of $3,000, which are held by one of
the appellants, the Western Electric Company. On the
termination of the functions of the United States re-
ceivers by the decree entered on the demurrer, the prop-
erty of the company came back into the custody of the
receiver appointed by the state court, and he subse-
quently sold it under order of the court which appointed
him, and the fund realized, $10,000, is the subject-matter
of these appeals. An auditor was appointed to distribute
it and before him and the court below on exceptions to
his report, the appellants, the Western Electric Com-
pany, holder of the receivers' certificates heretofore re-
ferred to, and the Commonwealth, for state taxes due to
it, presented claims which were disallowed and which we
are asked to reinstate.

The auditor and court below decided that the receiver's
compensation and fees due his counsel are first payable
out of the fund, before state taxes or the receivers' cer-
tificates, and that the Commonwealth's tax claims had
priority over the receivers' certificates, and awarded to
the receiver and his counsel the amounts due to them,
which were admitted to be reasonable for the services
rendered, and the balance of the fund to the Common-

wealth on account of its tax claims. This disposition of the fund is correct.

On the appointment of a receiver, the property placed in his care becomes charged with the necessary expenses incurred in taking care of and saving it, including the allowance to the receiver for his services: 23 Ruling Case Law, section 116, p. 106. "An allowance to a receiver as compensation for his services is taxable as part of the costs, and as such is entitled to priority of payment": 34 Cyc. 351. The receiver's remuneration and costs are payable before distribution of the assets: 1 Clark on Receivers, section 826, p. 905. Compensation to a receiver is part of the costs and expenses of the suit (Alderson on Receivers, pp. 859, 860), and his compensation is charged on the funds which came into his hands: Alderson on Receivers, p. 865; Beach on Receivers, section 771; High on Receivers, 915 et seq. The same rule is applicable to the fees of receiver's counsel: 34 Cyc. 352. "The expense of the audit, costs of this appeal, and also amount allowed as counsel fees should be paid in full as part of the costs": Pennsylvania Engineering Works v. New Castle Stamping Co., 259 Pa. 378, 388. "By performing services for its receiver in the prosecution of the suits, the attorneys were in reality serving the court that appointed him......Reasonable attorney fees, like other expenses incurred by the receiver, are preferred claims, and take precedence over preëxisting liens": City Bank v. Bryan (Supreme Court of West Virginia ), 86 S. E. 10, L. R. A. 1915F, 1219, 1221. In State of New Jersey v. Lovell, 179 Fed. 321, in which it was claimed that a state franchise tax should precede the administration expenses of a receivership, it was held that the administration costs were first payable, the court saying: "It is clear that if the administration of law is to be respected, a court without power or means to pay for carrying out its order, must refuse to make such orders; otherwise its helpless jurisdiction will incur merited contempt."

If the rule were otherwise, that a receiver's compensation and counsel fees are not part of the costs and preferred for payment out of the fund in his hands, we would have in many instances this anomalous and unjust result: the fund would be raised entirely by the efforts of the receiver and his counsel without which there would be no fund at all, yet it would be completely swept away from them and into other pockets by reason of priority of claim, and they would go unrequited for their labors. Receivers in many instances, where the conservation of assets is vital, could not be raised up, if this were the rule.

The Act of June 15, 1911, P. L. 955, 7 Purd. 7644, under which the Commonwealth claims priority for its taxes, provides: "From and after the passage of this act all state taxes......shall be a first lien upon the franchise and property both real and personal of such corporation......and whenever the franchise or property of a corporation......shall be sold at a judicial sale, all taxes......shall first be allowed and paid out of the proceeds of such sale *before any judgment, mortgage or any other claim or lien against such corporation.*" It will be noted that the act does not fix state taxes as prior to costs, but that they shall first be paid "before any judgment, mortgage or any other claim or lien against such corporation." A receiver's compensation and counsel fees are not claims or liens against the corporation, they are costs in the proceeding. "Generally taxes constitute a claim upon the assets in the hands of the receiver superior to every other claim except costs": 34 Cyc. 346; Clark on Law of Receivers, section 827, p. 909.

So far as the claim of the Western Electric Company on the receivers' certificates is concerned, it would be sufficient to point out that the receivers who issued them were appointed by a court without authority of law to appoint them, as that court itself determined. "Courts may not seize property without jurisdiction, and then

claim jurisdiction over the property because it is in the possession of the court": Haws v. First National Bank, 229 Fed. 51, 59. In addition, it appears in the record that this appellant, although now claiming priority for these certificates over the costs of the state court receivership, permitted the receivers who issued them to appropriate the fund in their possession to the payment of their compensation and counsel fees without objection and took no steps before the United States Court to protect itself but permitted the account there to be finally confirmed.

The court below properly awarded to the receiver and his attorneys the amounts due to them as prior claims on the fund before it, and, after they were paid in full, the balance to the Commonwealth on account of its tax claims.

The decree of the court below is affirmed at the cost of appellants.