(100 South. 295)

No. 26264.

## JACOB v. ROUSSEL.

(Jan. 28, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Corporations** ☞559(5)—**Appointment of receiver held not to relieve lessee corporation from payment of rent.**

Appointment of receiver for plaintiff company which had leased plantation *held* not to relieve it from obligation to pay rent.

2. **Receivers** ☞91—**When receiver of lessee planting company liable for rent stated.**

If receiver for planting company which had leased plantation had elected not to assume lease, lessor would have claim for damages against corporation as ordinary creditor, but, if he had elected to operate plantation for full term, claim for rent for whole of term could be charged against receiver as such.

3. **Receivers** ☞90—**Receiver must take or reject inseparable contract by insolvent as whole.**

Unless a contract be clearly separable, receiver for contracting party cannot divide it, but must take or reject it as a whole.

4. **Receivers** ☞91—**Lease for term held entire contract, which must be rejected or accepted by receiver as whole.**

Though rents for plantation payable in installments by lessee planting company, lease for term is entire contract, and receiver for planting company cannot separate it, but must take or reject it as a whole, in view of Rev. Civ. Code, art. 21.

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Sam A. Le Blanc, Judge.

Action by Adele Jacob against Christophe Roussel, receiver of the Uncle Sam Planting & Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Guion & Lambremont, of New Orleans, for appellant.

Howell & Wortham, of Thibodaux, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. Plaintiff leased a plantation to the Uncle Sam Planting Company for the years 1920 to 1923, both inclusive, at a yearly rental of $2,041.95. Thereafter the planting company went into the hands of a receiver. The receiver sought and obtained authority to operate the plantation for the year 1920, did operate it, and has paid the rent for that year. At the end of that year he surrendered the plantation, whereupon plaintiff leased it as well as she could for the three remaining years, and now seeks to recover *as a claim due by the receiver* the difference between the amount so received by her and the rental fixed in the lease to the planting company.

### I.

[1, 2] Of course the planting company was not relieved of its obligation to pay the rent by the appointment of a receiver. Peck v. Southwestern Lumber Co., 131 La. 177, 59 South. 113. Had the receiver, when appointed, elected not to assume the lease and operate the plantation, it is clear that all that would have remained to plaintiff would have been a claim for damages against the corporation, with the rank of an ordinary creditor. On the other hand, had the receiver elected to operate the plantation for the full term of the lease, plaintiff's claim for the rent for the whole of the term would have been a charge against the receiver as such. Spencer v. World's Columbian Exposition Co., 163 Ill. 117, 45 N. E. 250; Howe, Receiver,

v. Harding, 76 Tex. 17, 13 S. W. 41, 18 Am. St. Rep. 17; Commercial Pub. Co. v. Beckwith, 167 N. Y. 329, 60 N. E. 642.

## II.

The above propositions do not appear to be disputed. In fact, the receiver has acted thereon by paying in full the rent for the year during which he operated the plantation. But the question arises whether a receiver can adopt a contract in part and repudiate it for the rest; whether he may divide a contract, taking so much thereof as he believes advantageous, and rejecting that which he deems unprofitable.

[3] On this point we have been furnished with no authority by either side, and we ourselves have been unable to find anything in point. But we are of opinion that the receiver cannot so divide a contract, and must take it or reject it as a whole, unless such contract be clearly separable and not entire.

[4] And we think that a lease of lands for a term is one entire contract, even though the rent be payable in installments at intervals, and not a series of separate contracts each for a period equal to the interval between payments.

In the case before us there are even special reasons why the lease in controversy should be so considered. It is shown that the leased plantation was to be cultivated in *rice*, and that in that section rice can be successfully cultivated only every second or third year; in other words, for every *fat* year there is at least one and perhaps two *lean* years. The year 1920 was one of the fat years, from which it follows that 1921, and perhaps 1922, would be lean years. In other words, there were *two* years out of the four in which good crops might be made, and two in which the crops would be poor. As the rent was evenly distributed over the four years, it follows that the rent was *low* for the good years and *high* for the bad years. It cannot therefore be assumed that the lessor contemplated that the land might be used during the year or years when the rent was *low* and surrendered for those years in which the rent would be *high*. And our conclusion is that the receiver, having taken advantage of the lease for the year when a good crop could be raised, was not at liberty to surrender the land for the years when the crop might be poor. This appears to us the only *equitable* solution of the issue; and, as we find no positive law or jurisprudence in point, we must adopt it. R. C. C. 21.

## III.

Plaintiff (appellee) prays for damages for a frivolous appeal. We see no grounds for such an allowance.

## Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.