## KENNEBEC BOX CO., Inc., v. O. S. RICHARDS CORPORATION.

### UNITED STATES v. JOHNSTON.

(Circuit Court of Appeals, Second Circuit. March 16, 1925.)

#### No. 188.

Receivers ⊜154(1)—Expenses of receivership held entitled to priority over taxes due United States, not secured by lien.

Expenses of receivership of insolvent estate have priority over taxes due United States, not secured by lien under Rev. St. § 3186, notwithstanding section 3466, since there is no fund for payment of insolvent's debts until receivership expenses are paid.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the Kennebec Box Company, Inc., against the O. S. Richards Corporation. From an order of the District Court (299 F. 871), granting a motion of John B. Johnston, receiver, to establish priority of receiver's debts over claim of United States for taxes, the United States appeals. Affirmed.

See, also, 295 F. 418; 299 F. 874.

Mr. Johnston, as receiver and appellee in this matter, officially holds some $28,000, which is insufficient to discharge the expenses of the receivership. There is no fund wherewith to pay creditors of Kennebec Company existing at the time bill was filed. The circumstances from which this situation has resulted are fully set forth in the statement of facts prefixed to the appeal of Lee S. Richards in this same case, in which opinion will be filed cotemporaneously with this decision. 7 F.(2d) ——.

The present proceeding began by Mr. Johnston, as receiver, praying the court's instructions upon the following facts: In March, 1923, the United States filed a claim for taxes for the year 1920 against the above-named Kennebec Box Company, Inc. It nowhere appears in the record what kind of a tax this was. In January, 1924, the United States filed further claims for taxes in the sum of $88,253.95, being additional income tax for the years 1918–1920, both included. We are not informed as to when these taxes were assessed and are unaware of any steps taken by the Treasury Department to notify any one of their existence or collect them in any way, except by presentation to the receiver as above noted. The court below held that the money in the receiver's hands should be devoted first to the payment of debts of the receivership, and as there was nothing for the creditors of the Kennebec Box Company, so there was nothing from which the United States could or should be paid. From this order the government appealed.

Ralph C. Greene, U. S. Atty., and William A. De Groot, Asst. U. S. Atty., both of Brooklyn, N. Y. (Nelson T. Hartson and Frank J. Ready, both of Washington, D. C., of counsel), for the United States.

Zalkin & Cohen, of New York City (S. Marshall Kronheimer and Emanuel Fichandler, both of New York City, of counsel), for respondent.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge. The record before us is an insufficient groundwork for some of the arguments at bar. It is impossible to argue therefrom that the United States has or ever had a lien upon any fund in respect of these taxes, or any of them, so that R. S. § 3186, as amended (Comp. St. § 5908), may apply. That statute declares that a tax shall be "a lien in favor of the United States from the time when the assessment list

was received by the collector," etc. There is no evidence whatever as to when any assessment list was received by anybody. We know nothing except that a demand for some unexplained kind of tax was made by the United States in March, 1923, and that further demands for income taxes were made later.

This estate is not in bankruptcy, but it is insolvent, and therefore R. S. § 3466 (Comp. St. § 6372), is the only available statute. That declares that "whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied." Thus the sole question before us is whether debts of the insolvent secured by no lien shall be paid ahead of expenses created by the receivership, because such debts are for taxes due to the United States. So far as shown, this is the first attempt on the part of the United States to assert a claim for payment out of a fund ahead of the expenses incurred in the production thereof. There being no question of lien before us, we find no rights asserted under any form of execution, as by distress or the like. The United States comes into court and asserts in substance that, when the officers of the court have accumulated a fund insufficient to defray the expenses of its accumulation, the Treasury is entitled to take that fund and leave the court expenses unpaid.

For purposes of argument only it may be admitted that out of any fund available for paying the debts of an insolvent debtor United States taxes are to be paid first, and in full. But it is elementary that what is available to pay the debts of any debtor must be the property of that debtor. When these claims were presented, that property had all been consumed in the production of the present fund, which equitably belongs to the persons who made it, and they made it, not by giving credit to the insolvent Box Company, but by giving credit or rendering services to one or another of the various receivers herein. It may well be, as urged by the appellee, that the doctrine of United States v. Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 67 L. Ed. 638, as followed and interpreted in Equitable, etc., Co. v. Connecticut, etc., Co. (C. C. A.) 290 F. 712, and Strain v. United States Fidelity, etc., Co. (C. C. A.) 292 F. 694, disposes of appellant's claim; but we prefer to put decision on the ground that, thoroughly admitting priority in the United States under the statute in any fund available for the payment of this insolvent's debts, there is and can be no claim in favor of even the most preferred of creditors until there is *some* fund available for the payment of all creditors of the insolvent.

There is no such fund; consequently the order below was right, and is affirmed.