(119 So. 256)

No. 29095.

**NETTLES GROCERY CO., Inc., v. FREDERICK BROS., Inc.**

Feb. 13, 1928. On the Merits, Nov. 26, 1928.

J. O. Broussard, of Abbeville, for appellant.
Nugier & Gordy, of Abbeville, for appellee
La Bauve, Receiver of Frederick Bros., Inc.

On Motion to Dismiss Appeal.

ROGERS, J. At the instance of the Nettles Grocery Company, Inc., plaintiff, a re-

ceiver was appointed for Frederick Bros., Inc., defendant. In due course the receiver sold all the assets of the defunct corporation, and then filed his final account. The account was opposed by the People's Bank & Trust Company, in liquidation, an ordinary creditor. The court below rendered judgment homologating the account and ordering a distribution of the funds held by the receiver. The judgment was read, signed, and filed on October 8, 1927, and on October 15, 1927, the opponent, People's Bank & Trust Company, in liquidation, applied for and obtained an appeal returnable on December 12, 1927. On November 29, 1927, the appellant filed a motion in this court for an extension of time within which to bring up the transcript. In this motion it was alleged that, because of the volume of work in the office of the clerk of the district court, the numerous documentary offerings, and the large record in the case, it would be impossible to complete and file the transcript by the return day. Thereupon this court issued an order granting an extension of 30 days within which to file the transcript. On January 12, 1928, the transcript was lodged in this court, and on the same day the receiver of Frederick Bros., Inc., appellee, moved for the rescission of the order of November 29, 1927, extending the return day, and for the dismissal of the appeal. It is set forth as grounds for the motion that the clerk of the district court was instructed by the appellant not to prepare the transcript until he was directed to do so; that instructions to begin the work were not given until November 28, 1927, at which time it was too late to complete and file the transcript on December 12, 1927, the return day fixed in the order of appeal; that, if the clerk of court had not received the aforesaid instructions from the appellant, the transcript could have been completed and filed prior to the return day; and that the failure to do so is attributable to the appellant. Appellee then in-

fers and so avers that, if these facts had been brought to the attention of the court, the application for an extension of the return day would have been denied; wherefore he prays that the said order be rescinded and the appeal dismissed.

The appellant filed a return to the motion to dismiss its appeal. In this return it admits that the preparation of the transcript was delayed a short time under its instructions in the endeavor to effect a compromise and thereby minimize litigation; that as soon as it ascertained a compromise could not be effected its attorneys instructed the clerk to prepare the transcript; that this was on November 16, 1927, and not on November 29, 1927, as alleged in the motion to dismiss; that on November 24, 1927, its attorneys were advised that the transcript could not be completed by the return day, and they thereupon, under date of November 29, 1927, applied to this court for the extension which was duly granted.

The motion to dismiss the appeal as well as the return thereto are supported by the affidavits of parties purporting to have knowledge of the facts.

We do not find it necessary to resolve the conflict in the evidence as to the date on which the clerk of court was instructed to prepare the transcript. If, as contended by the appellee, November 28, 1927, be accepted as correct, nevertheless, our conclusion is that the motion to dismiss cannot prevail. Including the usual 3 days of grace, there remained 18 days within which to do the work. For our own part, we do not see why the transcript, which is before us, in the absence of illness or a great volume of work requiring immediate attention in the clerk's office, could not have been completed within that delay. We think that the appellant was justified in believing that it could be done, until he was otherwise informed by the certificate of the clerk of court which he used as

the basis of his application to this court for an extension of the return day. It does not appear, therefore, that our order granting such extension was improvidently issued.

For the reasons assigned, the motion to dismiss the appeal is denied.

### On the Merits.

LAND, J. Upon the petition of the Nettles Grocery Company, a creditor of Frederick Bros., defendant corporation was placed in the hands of a receiver, in pursuance of a resolution adopted by its board of directors, declaring the corporation insolvent and the appointment of a receiver necessary.

After the sale of all of the assets, the receiver filed his final account, which was opposed by the People's Bank & Trust Company, in liquidation, a creditor of Frederick Bros.

Opponent has appealed from a judgment approving and homologating the receiver's final account as to all of the items stated and ranked therein. The judgment denied the claim of the Owensboro Wagon Company for a vendor's privilege as security for its debt, but recognized claimant as an ordinary creditor.

The assets of defendant corporation were sold by the receiver at private sale for the price of $14,350 cash. The sum of $6,801.98 was paid into the hands of the receiver, and the balance of $7,548.02 was retained by the purchaser to satisfy two special mortgages bearing upon the real estate sold.

As shown by the final account of the receiver, the total assets of the corporation to be divided among the creditors consist of the sum of $6,801.98. After the payment of the creditors whose claims are ranked in the account as privileged, or entitled to preference, a balance of $96.24 is left to be distributed among the ordinary creditors, whose claims aggregate the sum of $30,170.46.

The opposition of the People's Bank & Trust

Company, in liquidation, is based upon the following grounds:

"(1) Your appearer opposes in detail and specifically each and every item of said account, except the State, Parish and Municipal Taxes, because the said items are incorrect, and, if found correct, (are) excessive, illegal and not payable as set forth in said account.

"(2) That the amount realized from the sale of the assets of the defendant, the sum of $6,801.98, is distributed therein to the prejudice and injury of creditors classed therein as ordinary creditors."

Opponent prays:

"That said account be amended by placing thereon your opponent as a creditor of this estate in such amount as will be found to be its pro rata share of the proceeds of the sale of defendant's assets after the payment of just, legal and correct claims, which the laws of this State provide as privileged claims. That said account be further amended by striking therefrom each and every item which is not proved just and legal and due."

The People's Bank & Trust Company, in liquidation, opposes the following items of the final account of the receiver:

$6,801.98.                     "Passive Mass."

A. Ophe Broussard, guardian.................. $22 00
B. Enid Smith, clerical.......................... 10 00
C. Abbeville Water & Light plant.............. 5 20
D. Southern Bell Tel. & Tel. Co.................. 3 50
E. Broussard & Summers, insurance.......... 31 43

  Total ........................................ $72 13

Item A—$22.00. Ophe Broussard was employed by the receiver for the purpose of guarding the property and opening the store of defendant company to air it. This service was rendered for a period of 40 days, until the purchaser took over the property.

Item B—$10.00. Enid Smith rendered to the receiver services in preparing 12 copies of the inventory of defendant corporation's stock of merchandise. This inventory consisted of 20 to 25 pages and was used by the receiver to furnish to the various bidders information as to the contents of the store.

Item C—$5.20. Abbeville Water & Light plant. This item represents the use of light in the store of defendant corporation during the administration of the receiver.

Item D—$3.50. Southern Bell Tel. & Tel. Co. This item is for the rent of a telephone for one month, which the receiver agreed to pay in anticipation of running the business.

Item E—$31.43. Broussard & Summers. This item is for the premium for fire insurance, taken by the receiver on the stock of merchandise of defendant corporation.

The contention of the opponent that these items should not be paid in preference to ordinary creditors of the defendant, an insolvent corporation, is without merit, as the debts of the receivership are of a higher dignity than those of the insolvent, and must be paid before those of the latter. In re Pleasant Hill Lumber Co., 126 La. 743, 758, 52 So. 1010.

In its opposition to the final account of the receiver, defendant corporation also complains as to the following items:

"Special Privileges and Charges"

A. Jonas Weill, rent 1 month and 11 days.. $ 155 00
B. Jonas Weill, rent (Saturday June 11, 1927, to June 11, 1928)........................ 1,850 00
C. R. J. La Bauve, attorney, costs incurred in suit 10086–10088......................... 17 04
D. J. E. Kibbe, attorney Owensboro Wagon Co., vendor of wagons.................. 674 19
E. Ignace Frederick, salary from May 15th to May 25th, 1927.......................... 83 00
F. S. U. Frederick, salary from May 15th to May 25th, 1927........................... 50 00
          *     *     *     *     *     *
J. Ignace Frederick, assignee Aline Frederick, salary.............................. 16 78
K. Ignace Frederick, assignee Jeanne Theall, salary................................ 21 19
L. Ignace Frederick, assignee Andrew Frederick, salary.............................. 36 12
M. Ignace Frederick, assignee Jeanne Theall, salary................................ 18 83
N. Ignace Frederick, assignee Aline Frederick, salary.............................. 15 70
O. Ignace Frederick, salary.................. 250 00
P. S. U. Frederick, salary................... 300 00

Item A (Jonas Weill, rent 1 month and 11 days, $155.00) and item B (Jonas Weill, rent Saturday June 11, 1927, to June 11, 1928, $1,850.00) were corrected in the testimony of

the receiver to the sum of $205 for the first item, and to the sum of $1,800 for the second item.

■ Opponent contends that, as Jonas Weill as lessor is entitled to a privilege under Act 128 of 1894 for a term of not more than one year after the failure of defendant corporation, such rent should not be allowed from June 11, 1927, to June 11, 1928, but that the one-year period should be fixed either from May, 23, 1927 (when defendant corporation declared its insolvency), to May 23, 1928, or from May 30, 1927 (when the receiver was appointed), to May 30, 1928.

Bond was not furnished by the receiver until June 10, 1927, and, as the receiver took actual charge on June 11, 1927, rent was properly allowed in the final account from that date.

■ Item C, R. J. La Bauve, attorney, costs incurred in suits 10086–10088—$17.04. It appears from the testimony of the receiver, R. J. La Bauve, that as attorney he represented a number of creditors and that, after his application and pending his appointment as receiver, he thought it advisable to close the store of defendant corporation, by the issuance of writs in suits Nos. 10086–10088, for the purpose of preserving the property.

As a necessary expense incurred for the preservation of the property of the receivership, these costs constitute a privileged debt under R. C. C. arts. 3224, 3225, 3226.

The contention by opponent that this is not a privileged claim is without merit.

Item D, J. E. Kibbe, attorney of Owensboro Wagon Co., vendor of wagons—$674.19. It is admitted by opponent that the lower court properly ordered the claim of the Owensboro Wagon Company placed on the final account of the receiver as an ordinary claim.

As to the claims of Ignace Frederick and S. U. Frederick listed above, it is contended in the brief of opponent that compensation has taken place, as Ignace Frederick is indebted to defendant, Frederick Bros., Inc., on open

account in the sum of $9,515.16, and on promissory note in the sum of $583.61; and as S. U. Frederick is indebted to Frederick Bros., Inc., on open account in the sum of $1,791.88. R. C. C. arts. 2207–2209.

■ A complete answer to such contention is that compensation is not pleaded in the opposition filed to the receiver's final account in the lower court, and such plea cannot be considered by this court, when tendered here for the first time on appeal in the brief of the opponent.

■ Opponent also attacks as excessive the commission of $500 allowed the receiver in his final account. Considering the services rendered by the receiver, and that the assets of the estate were sold for the sum of $14,350 cash, we do not find that the compensation awarded him is unreasonable.

■ Nor do we find the item of $1,000 allowed as a fee to the attorneys of the receiver amenable to the objection of being excessive, when the value of the assets of defendant corporation and the services rendered by the attorneys are taken into consideration.

In our opinion, the various items of the account objected to are properly ranked and sufficiently established by the evidence in the case.

Judgment affirmed.