*In re* DISSOLUTION OF HENRY SMITH FLORAL CO.

1. RECEIVERS—COMPENSATION OF RECEIVER AND ATTORNEYS CONSTITUTES FIRST LIEN.

Compensation of receiver and his attorneys is out of funds or property *in custodia legis,* and no lien authorized by court on funds or property has priority of such court administrative costs.

2. SAME—RECEIVER'S CERTIFICATES.

Fees of receiver and his attorney are court expenses of receivership, and have priority of first lien receiver's certificates.

3. SAME—COMPENSATION OF COUNSEL ASSISTING ATTORNEYS ALLOWABLE UNDER EXCEPTIONAL CIRCUMSTANCES.

Court properly allowed compensation to counsel assisting attorneys appointed for receiver, where said aid was rendered with knowledge of court, and circumstance is exceptional.

4. SAME—COMPENSATION OF RECEIVER.

That receiver drew certain sum weekly, not fixed by court, would not bar him from receiving additional sum, or prevent court from awarding adequate pay for services rendered.

5. SAME—CANCELLATION OF RECEIVER'S CERTIFICATES.

Receiver's certificates, constituting first lien, given to dealer furnishing supplies, with understanding that holder would join in reorganization, were properly canceled when he refused to do so, thus relegating claim to class where it belonged.

---

As to priority of receivers' certificates of indebtedness, see annotation in 9 L. R. A. 143; 2 L. R. A. (N. S.) 1052; 24 A. L. R. 1177.

6. SAME—FIDUCIARY RELATIONS—COMMISSIONS ON SALES TO RE-
CEIVER.

First lien receivership certificates, issued for purchase of goods,
which were transferred by seller to member of unsecured cred-
itors' committee, acting in fiduciary capacity, as commission in
effecting sale, were properly canceled.

7. SAME—LIENS FOR MATERIALS AND RENT.

Obligations of receiver for material, supplies, and rent, in carry-
ing on business pending second sale, are given parity with first
certificates.

Appeal from Kent; Dunham (Major L.), J. Sub-
mitted June 10, 1932. (Docket No. 97, Calendar
No. 36,598.) Decided October 3, 1932.

Dissolution proceedings of the Henry Smith
Floral Company, a Michigan corporation. On peti-
tion of receiver for determination and allowance of
fees and expenses of receivership. From order
made, granting priorities, certain claimants appeal.
Modified and affirmed.

*Warner, Norcross & Judd* and *Travis, Merrick,
Johnson & McCobb,* for receiver.

*Norris, McPherson, Harrington & Waer,* for ap-
pellees, labor claimants.

*Fred P. Geib,* for appellant Smith.

*William J. Landman* and *Will W. Reller* (*C.
Hoffius* and *Lloyd E. Cooper,* of counsel), for other
appellants.

WIEST, J. The Henry Smith Floral Company, a
corporation, gave a trust mortgage to secure an is-
sue of bonds. Default in payment was made and
foreclosure proceedings in equity commenced. Di-
rectors of the corporation filed dissolution proceed-

ings and a receiver was appointed, with power to operate the business as a going concern. The receiver petitioned the court for leave to issue certificates in order to carry on such operation pending sale. The court, by order, granted leave and constituted such certificates a "first lien upon all of the property and assets of said Henry Smith Floral Company, in the hands of the court and its said receiver, prior to the present existing lien of bondholders and prior to any and all claims of unsecured creditors and stockholders," and authorized the receiver to execute an indenture securing the certificates and covering all the assets and to constitute a first lien. The receiver executed the indenture and issued certificates, some at face value and others at an authorized discount.

The court made an order for sale of the property. Sale was reported and refused confirmation. This rendered another sale necessary, and the court fixed the receiver's compensation and that of. the receiver's counsel, and gave the same priority over the lien accorded the receiver's certificates.

Appellants, other than Henry Smith, claim that the receiver's certificates, issued under order and indenture, constitute "a first lien on all of said assets prior to existing liens or incumbrances, and prior to any and all claims of creditors, whether secured or unsecured," with priority over compensation to the receiver, the attorneys, and any unpaid obligations of the receiver, except taxes. This construction is too narrow. The receiver acts as the arm of the court and the court retained power to compensate its officer and his legal advisors.

Counsel state:

"There may be a general impression that the necessary and proper compensation of a receiver

and his attorneys is a part of the cost of receivership and entitled to priority over receiver's certificates. That may be a general rule, but when the orders and decrees of the court, the mortgage given under them, the certificates themselves, and the decree in the case, establish the certificates as a first lien, the general rule does not apply, and this is especially true where, as in the instant case, the receiver's attorneys draw the mortgage and certificates  *  *  *  and represent that the certificates are absolutely a first lien on all the property, *  *  *  and that the payment of them is sure.''

The compensation of a receiver and his attorneys is out of funds or property *in custodia legis*, and no lien, authorized by the court, on the funds or property has priority of such court administrative costs. The lien, granted holders of the receiver's certificates, was not superior to such administrative costs. Administrative costs are not at all of the nature of a lien, and a first lien on assets has no priority of such court costs and expenses. *Bauer* v. *Wilkes-Barre Light Co.*, 274 Pa. 165 (117 Atl. 920, 24 A. L. R. 1171). The order, authorizing certificates to be a first lien, did not prevent the court from first paying the costs of the receivership. *Pusey & Jones* v. *Pennsylvania Paper Mills*, 173 Fed. 634; *Central Trust Co.* v. *H. B. Mehring Co.*, 154 Md. 477 (141 Atl. 111). The fees of the receiver and the attorney for him are court expenses of the receivership and have priority of first lien receiver's certificates. 2 Tardy's Smith on Receivers (2d Ed.), § 577.

Cases cited and others have been examined, and, in relation to receiver's certificates (when permissible, in instances of private corporations), we find the general rule to be that the compensation of

the receiver and his counsel are part of court administrative costs and entitled to priority over receiver's certificates constituted a first lien on assets.

Fraudulent representations to the contrary by the receiver or his counsel, in order to induce a purchase of such certificates, might, of course, occasion subordination. But such is not this case.

It is urged that the receiver's certificates should be given priority over fees of attorneys, not previously authorized by court order to be employed. A law firm acted as counsel for the law firm appointed attorneys for the receiver, and the court awarded such counsel compensation for services rendered. It must be an exceptional instance to warrant such a practice. Attorneys appointed for a receiver are supposed to render all needed legal services and possess no power to employ counsel at additional expense. The instant case is exceptional. The counsel aiding the attorneys appointed for the receiver were attorneys for the trustee in the mortgage securing bondholders, and had filed a bill to foreclose such mortgage before the court took over the whole matter under the proceeding to dissolve the corporation. Aid and assistance between such counsel and the attorney for the receiver in conserving the assets was proper, and the services rendered the receiver, in the handling of the many questions presented, all came to the knowledge of the court, were helpful and the court could, and did accept the services and of right awarded compensation therefor as an administrative cost.

Complaint is made of the compensation awarded the receiver. During the period of his activities the receiver drew $75 per week. Such weekly sum was not fixed by the court, but this did not bar the receiver from having adequate compensation or pre-

vent the court from awarding its officer pay for services rendered.

Losses arising out of the operation of the business by the receiver are now observable, but the receiver acted under court orders and an expected, but unrealized plan of reorganization, rendered futile, however, by some nonconsenting creditors, and the endeavor to maintain the business as a going concern was justified. The court did not visit the receiver with the severity of afterthought, but treated him with due consideration, having in mind the forethought which all parties, including the court, exercised, but which has proved unfortunate. We discover no reason for disturbing the compensation awarded the receiver.

In operating the business, under order of the court, the receiver employed laborers, the court cut their pay 40 per cent., and accorded the remainder priority over the receiver's certificates and other operating expenses, but inferior to the receiver's compensation and that of his counsel. The laborers have not appealed, but the landlord of the store, occupied by the receiver, and a coal dealer furnishing fuel to the receiver, and others furnishing supplies to the receiver, contend that the rent, fuel, and supplies should be given at least equal preference.

The coal dealer furnished supplies to the receiver, and advanced money to enable the receiver to carry on operations, and received certificates. Some certificates, so given for fuel, were canceled by the court because given with the understanding that the holder would join in a reorganization and of subsequent refusal to do so. A preference insisted upon, under such circumstances, was unfair to other like creditors, and the court very properly canceled such

certificates and relegated such part of the claim to the class where it of right belonged.

After the unconfirmed sale, it was deemed necessary to maintain the business as a going concern until another sale could be had, and it was essential, in order to do so, to accord some protection to persons extending credit to the receiver in the interim. To this end the court decreed that rent of the store building, occupied by the receiver, after November 1, 1931, and down to the time of the future sale, so far as unpaid, "together with other necessary operating expenses of said business accruing subsequent to November 1, 1931, shall be a first lien upon the proceeds of any such sale and shall be paid to the respective parties entitled thereto before any other distribution should be made of such proceeds."

The court, exercising discretion, ordered the receiver to operate the business as a going concern, pending the sale, and this was for the benefit of certificate holders as well as other creditors. The power of the receiver to issue obligations for supplies and other essentials, in order to comply with the order, followed of necessity as well as by court order, and the certificate holders, in such case, may not insist that the obligations of the receiver essential to such operation shall not be at least on a parity with their lien. Without such parity in this case there could have been no operation by the receiver.

Appellant Henry Smith, claiming rent, except for the order of November 18, 1931, giving him preference after the first of that month, would have to stand as a general creditor. What we have said with reference to that order of the court applies to the claim for rent, and for that reason the order is approved.

The circuit judge stated:

"The testimony further reveals that $900 of the receivership certificates were issued to Grand Rapids By-Products in exchange for a purchase by the receiver of certain steam boilers. That Chester W. Rankin, one of the members of the unsecured creditors' protective committee brought the parties together and recommended the purchase of the boilers to the receiver. That he later, and after the issuance of the receivership certificates and without the knowledge of the receiver and while he was acting in a fiduciary capacity, representing as one of the committee, unsecured creditors, he accepted $200, par value of the receivership certificates as a commission or favor in effecting sale of these boilers. This clearly he could not do while acting in such capacity, and the court finds that as to such $200 receivership certificates, the same shall be ordered returned to the receiver and canceled in the hands of the trustee."

We approve of the finding.

The court decreed that obligations of the receiver, in carrying on the business pending the second sale, should constitute a first lien. We modify this lien for material, supplies, and rent, and place the lien in the class of, and on a parity with, the first certificates.

So modified, the orders and decrees are affirmed, with costs, against appellants.

McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, C. J., did not sit.