146 So. 743

UNITED STATES FIDELITY & GUARAN-
TY CO. v. BALDWIN LUMBER
CO., Limited, et al.

No. 30397.

Feb. 27, 1933.

Mouton & Davidson and Dan Debaillon, all
of La Fayette, and Burke & Smith, of New
Iberia, for appellants.

St. Julien, Fournet & Mouton, of La Fay-
ette, and Spearing & McClendon, of New Or-
leans, for appellee.

ROGERS, Justice.

On January 29, 1925, the Baldwin Lumber
Company was declared to be insolvent and
was thrown into a receivership, Arthur M.
Bowen being named as the receiver. Under
the judgment authorizing the receivership,
the receiver was authorized to take charge
of the assets of the corporation and to ad-
minister its affairs as a "going concern."
On December 15, 1925, the court appointed
J. C. Barry as coreceiver. Later, Barry ap-
pears to have become the sole receiver.

The receiver, A. M. Bowen, in the course of
operating the corporation as a "going con-
cern" obtained two workmen's compensation
insurance policies from the United States
Fidelity & Guaranty Company. These pol-
icies were issued for the term of one year,
beginning on January 27, 1925. On June 10,
1925, the policies were canceled upon the
written request of A. M. Bowen, as receiver,
as provided in the contract. Bowen, as re-
ceiver, then obtained and paid for other in-
surance similar to that canceled by him.
The insurance contract also stipulated that
in the event the insured exercised its right
to cancel the policies, the earned premiums
should be computed and adjusted at short

rates in accordance with the short rate cancellation tables printed on the policies. During the life of the contract various claims resulting from injuries to the insured's employees were paid by the insurance company.

Upon calculating the premiums due according to the short rate tables set forth in the policies and crediting the advance deposit premiums, the insurance company found that the balance due it was $2,049.44, for the recovery of which it brought suit against the receivers of the lumber company. After the filing of the tableau by the receiver, J. O. Barry, the insurance company's suit was by consent treated as an opposition thereto.

In its suit, or opposition, the insurance company claimed that it was entitled to be paid in preference to all mortgage and privileged debts of the defendant company contracted prior to the receivership, and concurrently with all other creditors having claims against the defendant company contracted by the receiver for the purpose of operating the company's plant. Defendant denied that it was indebted to the plaintiff in any amount. The court below rendered judgment in plaintiff's favor as prayed for. From this judgment defendant appealed.

The amount claimed by opponent is not disputed. And the appellant receiver concedes that when his predecessor Arthur M. Bowen, as receiver, obtained the insurance policies from opponent he acted as a prudent administrator should do. He contends, however, that Bowen's action in canceling the policies was not the exercise of a sound discretion, and that it was highly injurious to the corporation and its creditors. Appellant points out that after Bowen canceled the policies issued by opponent he took out similar policies in another company. And appellant argues that Bowen should have realized when he canceled its policies the opponent would be entitled to an additional premium of $2,049.44, which would not have been incurred had the policies been allowed to remain in force.

There is nothing in the record to show Bowen's motive for canceling the policies. If the cancellation was purely arbitrary on his part, he might be held to answer for his act by the corporation and its creditors. The matter is of no concern to opponent.

No question is made of the legality of the contract nor of the good faith in which it was entered into by the contracting parties. The receivership was undoubtedly benefited by the policies. Various claims due by the insured to its employees for injuries suffered by them in the course of their employment were paid by the insurance company under the obligation assumed by its contract.

If the receiver was authorized to enter into the contract with opponent, which is admitted by the appellant, we think it necessarily follows that he was authorized to cancel the contract. The policies provide for the right of cancellation. The contract is not divisible. The receiver cannot avail himself of so much of the contract as he believes is advantageous and reject that which he deems unprofitable. Cf. Jacob v. Roussel, 156 La. 171, 100 So. 295. Having elected to exercise his right to cancel the policies, the receiver is bound by his obligation to pay the increased premiums resulting from the exercise of that right.

We think opponent is entitled to the privilege which he claims. Teutonia Bank & Trust Co. v. Security Brewing Co., 137 La. 1046, 69 So. 833; Borne v. Alexander Hardwood Co., 140 La. 315, 72 So. 979.

In the first of these cases, this court held that the duty imposed on the receivers, to operate the brewery as a going concern, carried with it the authority to incur such expenses as were necessary to the performance of that duty, and that the expenses so incurred fell within the category and enjoyed the privileges established in favor of law charges. And in the second of these cases this court held that the privilege securing the payment of debts contracted by a receiver for money borrowed on certificates of indebtedness, or for necessary supplies purchased by the receiver and used in carrying on the business of the corporation as a going concern under orders of court, was superior in rank to the lien and privilege of the vendor of a part of the property of the corporation. Such debts contracted by a receiver are in the category of law charges, and are taxed as costs of court.

For the reasons assigned, the judgment herein appealed from is affirmed.