## RANDOLPH v. SCRANTON, M. & B. R. CO.
### No. 694.

District Court, M. D. Pennsylvania.

April 25, 1935.

See, also, 4 F. Supp. 861.

H. C. Reynolds and C. B. & J. H. Price, all of Scranton, Pa., for exceptants.

Kelly, Balentine, Fitzgerald & Kelly, of Scranton, Pa., for receivers.

WATSON, District Judge.

The first and final account of the receivers was confirmed Nisi, and at the same time a rule was granted by this court to show cause why the account should not be confirmed absolutely. Before the return day of the rule, exceptions were filed to the account by the Miners' National Bank of Wilkes Barre, trustee under the mortgage of the Scranton, Montrose & Binghamton Railroad Company, the defendant, and before the return day of the rule exceptions were filed to the account by the commonwealth of Pennsylvania.

The receivers' account shows that after the payment of the expenses of the administration, including reasonable compensation for the receivers, reasonable attorneys' fees, and other expenses incurred by the receivers, nothing will be left for distribution.

The question raised by the exceptions filed by the Miners' National Bank of Wilkes Barre, Pa., trustee, is whether the receivers' fees, attorneys' fees, and other expenses incurred by the receivers are preferred claims and take precedence over the lien of the mortgage to the Miners' National Bank of Wilkes Barre, Pa., trustee, which was a pre-existing lien.

I am firmly of the opinion that the receivers' fees, attorneys' fees, and other expenses incurred by the receivers take precedence over the lien of the mortgage to the Miners' National Bank of Wilkes Barre, Pa., trustee. It has repeatedly been held by the courts of Pennsylvania and by the federal courts that receivers' compensation, counsel fees, and expenses incurred by the receivers are costs in the proceedings, Bauer & Son v. Wilkes-Barre Light Company, 274 Pa. 165, 117 A. 920, 24 A. L. R. 1171, and that reasonable attorneys' fees, like other expenses incurred by the receivers, are preferred claims, and take precedence over pre-existing liens. Bauer & Son v. Wilkes-Barre Light Company, supra; City Bank v. Bryan, 76 W. Va. 481, 86 S. E. 8, 10, L. R. A. 1915F, 1219; Petersburg Savings & Insurance Co. et al. v. Dellatorre et al. (C. C. A.) 70 F. 643. This is the rule in Pennsylvania and in the federal courts, and does not require the citation of other authorities.

The exception filed by the commonwealth of Pennsylvania raises the question as to whether taxes assessed by the commonwealth of Pennsylvania on the gross receipts of the Scranton, Montrose & Bing-

hamton Railroad Company, when the property of the company was in the hands of the receivers, had priority over administration expenses, including receivers' compensation, attorneys' fees, and other expenses incurred by the receivers in the distribution of the fund raised by the sale of the assets of the corporation.

In Bauer & Son v. Wilkes-Barre Light Company, supra, it was held: "A receiver's compensation and counsel fees are part of the costs of the suit, and as such have priority over state taxes in the distribution of a fund raised by the sale of the assets of the corporation."

Receivers' compensation, counsel fees, and expenses incurred by the receivers are costs in the proceedings. "Generally, taxes constitute a claim upon the assets in the hands of the receivers, superior to every other claim except costs." 34 Cyc. 346; Clark on Law of Receivers, § 827, p. 909.

In my opinion, the receivers' compensation, counsel fees, and other expenses incurred by the receivers are costs in the proceedings, and, as such, have priority over the taxes assessed by the commonwealth of Pennsylvania in the distribution of the fund raised by the sale of the assets of the Scranton, Montrose & Binghamton Railroad Company. This court said, in the opinion filed October 24, 1931, in this case (4 F. Supp. 861, 862): "The receivership has lasted for one year, and the Miners' Bank of Wilkes Barre has made no move and does not now seek to foreclose its mortgage, which was dated October 1, 1919. The receivers, competent and efficient men, were appointed by this court October 31, 1930, worked diligently and conscientiously, and made every effort to operate the railroad and serve the public. May 29, 1931, the receivers reported to this court that they were without funds to pay their employees or current obligations; that the deficit was increasing, and that in their judgment. a continuance of the operation would not be justified. Operation of the railroad was discontinued in July, 1931. Under such conditions, I consider it the duty of the court to order the sale of the property divested of liens. It is clear that this court has the jurisdiction and power to order such a sale." And in an opinion filed by this court March 18, 1932 (4 F. Supp. 861, 871), this court said: "The mortgage to the Miners' Bank of Wilkes Barre, Pa., trustee, was given by the Scranton, Montrose & Binghamton Railroad Company in 1919, and has been in default for many years. The trust officer of the Miners' Bank of Wilkes Barre, Pa. testified that he knew of the appointment of the receivers about the time they were appointed, and that, subsequently, he sat in conference with them. The trustee never objected to the receivership nor to the operation of the road by the receivers, from which the receivers' expenses were incurred." In Traction M. Co. v. Pittsburgh, M. & W. Ry., 261 Pa. 153, 104 A. 552, 554, it was said: "The general rule undoubtedly is that the court, who appoints a receiver for a public service corporation, may allow for operating expenses and necessary improvements out of the corpus of the estate and as preferred claims, even against mortgage lien creditors. 34 Cyc. 353; Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Union Trust Co. v. Illinois Midland Ry. Co., 117 U. S. 434, 6 S. Ct. 809, 29 L. Ed. 963. To the same effect is a per curiam decision of Judge Sharswood, at nisi prius, in Patterson v. Hempfield R. R. Co. (Pa.) 1 Wkly. Notes Cas. 127."

The trustee, under the Scranton, Montrose & Binghamton Railroad Company mortgage, expressly or impiedy consented to acquiesce in the receivership proceedings, and, under the circumstances in this case, all proper charges, expenses, and liabilities incurred as incident to the duly conferred receivership powers and duties are a charge upon the earnings and corpus of the property of the Scranton, Montrose & Binghamton Railroad Company superior to the lien creditor, the Miners' National Bank of Wilkes Barre, Pa., trustee. 53 Corpus Juris, p. 253, par. 425, and cases there cited. "The operating expenses of a public utility corporation, such as a railroad, after it is put in the hands of a receiver and its continued operation directed by order of court, have priority both as to income and corpus; over the claims of mortgagees and other lienors, which priority is not based on the element of consent which governs in case of concerns not affected with a public interest, but exists by reason of the fact that the public has an interest in the continued operation of the business, subject to which those having liens or mortgages on such concerns take their security; and on the further fact that the continued operation of a business of this character is necessary to preserve the value of the property in its entirety, and

benefits the interest of the lienors by reason of such preservation."

Now, April 25, 1935, the exceptions to the first and final account of the receivers are dismissed; the first and final account of the receivers is confirmed absolutely; the compensation to the receivers and the attorneys' fees are allowed, as set forth in the receivers' first and final account; and the receivers are directed to make distribution provided for in the reserve set up in their account.