No. 34,865

R. A. MALM, *Appellee* v. THE HOME RIVERSIDE COAL MINES COMPANY, A. HINTZ, E. DEITCH et al., *Appellees*, JOHN NOVAKOWSKI, *Appellant.*

(103 P. 2d 798)

Opinion filed July 6, 1940.

*A. M. Etchen,* of Kansas City, for the appellant.

*Lee Bond, James N. Snyder* and *Lucien Rutherford,* all of Leavenworth, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was a workmen's compensation case. The appeal is by the workman.

The business of the employer, a mining company, was in the hands of a receiver. From the judgment of the district court which wound up the receivership and in which judgment the district court refused to direct the receiver to make further payments on claimant's award in preference to the costs and expenses of administering the receivership, this workman appeals.

The instant judgment was rendered in the receivership case of *R. A. Malm v. The Home Riverside Coal Mines Company,* a corporation.

On November 6, 1933, prior to the receivership, claimant obtained a compensation award for 415 weeks at $14.40 per week, for

an injury which he suffered as a miner on July 11, 1932. His employer was a self-insurer. A petition for appointment of a receiver of the mining company was filed by R. A. Malm. On October 1, 1937, C. N. Fish was appointed receiver of appellant's employer, The Home Riverside Coal Mines Company. The receiver took charge of the assets and operated the company until May 2, 1939, at which time all hope of reëstablishing the mine as a going concern was abandoned. After the receiver was appointed the installment compensation payments were discontinued. Claimant filed a motion in the receivership case asking that payments be resumed. Payments were resumed on October 20, 1937, and continued until April 15, 1938. No payments were made thereafter. On May 27, 1938, claimant again filed a motion asking that payments be resumed. It appears the motion was never pursued and nothing further was done by claimant to obtain the balance of the award until final judgment was rendered in the receivership case to salvage the business and to discharge the receiver, on January 12, 1940.

The cash on hand after winding up the receivership was wholly insufficient to cover various state and federal taxes, the wages due to laborers employed by the receiver, for the purpose of dismantling the property, and other costs and expenses incurred by the receiver in the administration of his trust. State and federal taxes assessed to the receivership, as well as numerous other claims, were prorated. Miners and other employees received only about eleven percent of the wages at which they were employed by the receiver. The cash on hand consisted of proceeds resulting from the salvaging of the employer's properties and business. The trial court made findings of fact touching various claims. Concerning the claim of the appellant, the court found:

"18. The court further finds that the claim of John Novakowski is not entitled to be paid out of any of the above fund, as none of said fund represents income, and for the further reason that the said John Novakowski knew that said mine was being operated by said receiver under the orders and directions of this court and that he failed to avail himself of the different provisions of law providing for the enforcement of the payment of said claim."

The receiver was, of course, an arm of the court. In reality the court was operating the mining business and administering the property during the continuance of the receivership. Expenditures incurred by the court during the receivership are in reality costs of administration. They constitute expenditures which are necessary

to enable the court to exercise its jurisdiction. Expenditures incurred by the court in its administration of a business are generally held to constitute claims of higher dignity than debts of the insolvent, and as such are ordinarily entitled to priority of payment over other claims, including taxes. (*Kennebec Box Co. v. O. S. Richards Corporation*, 5 F. 2d 951; *In Re Holmes Mfg. Co.*, 19 F. 2d 239; *Commonwealth of Pennsylvania v. Acker*, 84 F. 2d 443; *Bank of Commerce v. Central Coal & Coke Co.*, 115 Fed. 878; *State of New Jersey v. Lovell*, 179 Fed. 321; *Randolph v. Scranton, M. & B. R. Co.*, 10 F. Supp. 699; *Bauer et al. v. Wilkes-Barre Light Co.*, 274 Pa. 165, 117 Atl. 920, 24 A. L. R. 1171; *Nettles Grocery Co. v. Frederick Bros.*, 167 La. 359; *United States Fidelity & G. Co. v. Baldwin Lbr. Co.*, 176 La. 773, 146 So. 743.)

It therefore follows that until costs of administration are fully paid there is no fund for the payment of the insolvent's debts. (*Kennebec Box Co. v. O. S. Richards Corporation*, supra.)

Appellant relies upon the case of *Bowen v. Hockley*, 71 F. 2d 781. The opinion in that case has received our careful consideration. In that case, however, the question arose in connection with the refusal of the receiver to continue compensation payments out of income during the period the business was a going concern. In the instant case, that is not exactly the situation. On oral argument we were advised the receiver did not discontinue payments to appellant until the income became insufficient to pay the wages of miners and other employees. Nor does the record disclose the trial court erred in finding that none of the funds in his hands at the time of final distribution constituted income. Furthermore, the last motion to have the payments resumed was filed by appellant on March 27, 1938. That was one year and seven months prior to the final order of distribution. That motion was never pursued by appellant. The trial court was given no opportunity to pass upon it. The result is, no ruling was had on that motion and the merit of the motion, at the time it was filed, is not here for review. The receiver ceased operating entirely May 2, 1939. The only appeal is from the order made to wind up the corporation and to distribute the fund on hand, which represented proceeds from the sale of the remaining property of the mining company. That order was made January 12, 1940. That was not the situation in the Bowen case. In that case the court carefully guarded its decision by saying:

"Whether upon the winding up of the corporation and the distribution of assets such claims can be given priority in the absence of statute, is a question which we need not consider. The question here is whether they are payable from income earned by the business while it is being preserved and carried on as a going concern by the court." (p. 783.)

It may also be well to note that in the instant case no funds remained for distribution among stockholders. The question of an equitable distribution between the claims of stockholders of the employer corporation, and the claim of appellant is, therefore, not presented. The funds on hand are insufficient to pay the wages of miners employed by the receiver to dismantle the property, and the claims of other creditors which accrued during the receivership. If appellant is paid in full, the proportionate share of miners and other employees will be still further reduced. Under the circumstances confronting the trial court, we cannot well say the court erred in the judgment it rendered.

The judgment is affirmed.