LOTTINGER, Judge.
This is a suit for the expropriation of certain property situated in the Parish of East Baton Rouge, Louisiana. The petitioner is the State of Louisiana, appearing through the Department of ILighways, and the defendant is Land Owners, Inc. The Lower Court awarded a judgment in favor of the defendant, however, the defendant appealed seeking an increase in quantum. The petitioner has answered the appeal, however, it seeks merely an affirmance of the judgment below.
The facts disclosed that the petitioner filed this suit for the expropriation of 4.-024 acres of land necessary in the construction of a portion of the interstate highway system running through the Parish of East Baton Rouge, Louisiana. Upon the filing of the suit a Court order was secured by petitioner commanding it to deposit the sum of Sixty-eight Thousand Five Hundred Seventy-six and No/100 ($68,576.00) Dollars, same being the amount of damages estimated to be occasioned the defendant as a result of the taking. The suit was filed under the provisions of Article VI, Section 19.1 of the Louisiana Constitution, Title 48, Sections 441 through 460 of the Louisiana Revised Statutes.
The defendant filed an answer seeking an increase in the award to the sum of Two Plundred Thirty-nine Thousand and No/100 ($239,000.00) Dollars. The Lower Court awarded a judgment in favor of defendant increasing the amount of damages over and above the amount deposited by the sum of Seventeen Thousand Two Hundred Seven and No/100 ($17,207.00) Dollars, of which Thirty-seven Thousand Two Hundred Seventy-three and No/100 ($37,273.-00) was assessed as the market value of the property expropriated, and Forty-eight Thousand Five Hundred Ten and No/100 ($48,510.00) Dollars was assessed as severance damages.
The only question which is in dispute before this Court is with regard to the allowance of severance damages to a tract of property owned by defendant, comprising 21 acres of land, and known as the Bourgeois Tract. The Lower Court did not award any severance damages for this particular tract of land.
The record discloses that the property owned by the defendant comprised a tract of land of some 35 acres in the shape of an “L”. This tract of land was so shaped that the two sides of the “L” were joined by the width of one lot measuring some fifty (SO'') feet.
The proposed interstate highway right-of-way ran through the lower portion of the upper side of the “L”. The “Bourgeois Tract” comprised the lower side of the “L”.
For some time prior to the filing of this suit, the defendant had been purchasing lands to be developed into subdivisions. *209 They had developed what was known as the Cedarcrest Subdivision situated north of the property involved in this suit. The Cedarcrest Subdivision was shown to be inferior in price range to the newer subdivision proposed by defendant and known as Southmoor Subdivision. Southmoor Subdivision, according to the testimony and a plat introduced, consisted of several Filings of which the proposed highway ran through the Second Filing, and the Bourgeois Tract comprised the major portion of the Third Filing.
Mr. Chester A. Driggers, who testified 'on behalf of the petitioner, stated that in his opinion the Bourgeois Tract was too removed from the right-of-way taken to justify any severance damages to the Bourgeois Tract. Although the testimony of Mr. Driggers and that of Mr. Heidel Brown, who testified as an expert appraiser for defendant, were in agreement as to the damages occasioned to most of the various lots or pieces of ground taken, their testimony did differ as to five lots or tracts regarding severance damages. The award of the Lower Court was exactly in accord with the testimony of Mr. Heidel Brown with regard to damages for the taking or severance damages on eleven specific tracts, however, with regard to the only additional tract involved, which was the Bourgeois Tract, the Lower Court refused to allow severance damages in accordance to the testimony of Mr. Driggers.
Mr. Brown testified that the typical house in the major part of Cedarcrest Subdivision was in the $13,000 to $18,000 price range. He testified that the Southmoor Subdivision development had been carefully planned, first by insulating it from Cedar-crest Subdivision with a buffer type of housing of a value from $20,000 to $22,000 and then, after crossing the buffer zone, the price range would be some $27,000 to $30,-000 per house. The testimony indicates that the houses proposed for the Bourgeois Tract would be in this latter price range, for which there was a good market in Baton Rouge. The evidence reflects that there was no longer a substantial market for the type of construction in the Cedarcrest Subdivision.
By running the interstate highway in the location taken, there was a separation of the portion of the Southmoor Subdivision in which higher priced houses had already been constructed and the Bourgeois Tract. The Cedarcrest Subdivision and the Bourgeois Tract were thus separated from the remainder of the Southmoor Subdivision, and the evidence reflects that this separation would reduce the Bourgeois Tract to the same type of development as was had in the Cedarcrest Subdivision, for which there was no longer a market. Mr. Brown testified that, because of this separation, the value of the Bourgeois Tract was reduced from $3,000 per acre to $2,000 per acre.
We feel that the Lower Court erred in refusing to consider severance damages to the Bourgeois Tract. The Testimony of Mr. Brown is impressive. The record further discloses that, prior to the taking, the defendant had granted an option to a contractor for the purchase of lots in the Bourgeois Tract to construct higher priced dwellings thereon. Subsequent to the taking this option was canceled because of the proposed highway separating the Bourgeois Tract from the remainder of Southmoor Subdivision. We believe that the damages to the Bourgeois Tract should have been assessed at the sum of One Thousand and No/100 ($1,000.00) Dollars per acre or the total sum of Twenty-one Thousand and No/100 ($21,000.00) Dollars.
For the reasons assigned there will be judgment herein amending the judgment of the Lower Court to increase it by the sum of Twenty-one Thousand and No/100 ($21,000.00) Dollars as severance damages to the Bourgeois Tract, and, as amended, the judgment of the Lower Court will be affirmed.
Judgment amended and affirmed.