LOTTINGER, Judge.
This is an expropriation proceeding filed by the State of Louisiana through the Department of Highways, the petitioner, against Rawiston D. Phillips, defendant, praying that a certain tract of land owned by defendant be expropriated for highway purposes. The proceeding was filed under the provisions of Louisiana Revised Statutes Title 48, Section 441 et seq., and the sum of Fourteen Thousand Two Hundred Forty-six and No/100 $14,246.00 Dollars was deposited by petitioner into the registry of the Court as compensation for the taking.
The defendant filed an answer relative to the quantum, claiming that the sum deposited for the taking was inadequate, and further claiming severance damages. After trial on the merits the Lower Court awarded judgment in favor of the defendant and against the petitioner fixing the value of acreage expropriated at Twenty-Two Thousand Eight Hundred Fourteen and No/100 ($22,814.00) Dollars, and also fixed certain fees for experts. The Lower Court also allowed severance damages in the sum of Thirty-Eight Thousand Four Hundred and No/100 ($38,400.00) Dollars.
The petitioner has taken a devolutive appeal.
The records show that the defendant is the owner of a large tract of land comprising some one thousand five hundred (1500) acres, which tract of land is situated near the town of Port Allen, Louisiana. The property of defendant is bounded North by the Indian Village-Port Allen *880 Canal, which separates the property of defendant from that of the facilities of the port of greater Baton Rouge. Defendant’s property is bounded on the East by the Mississippi River. The property is traversed in a northerly and southerly direction by a grade level two-laned blacktop highway designated as Louisiana State Route No. 1, immediately West of which ran the Texas and Pacific Railway Company tracks.
The property taken by the expropriation consisted of 11.024 acres situated immediately East of Louisiana State Route No. 1, which strip was elongated in a northerly and southerly direction and fronted 2041.50 feet on the East side of the right-of-way for Louisiana Highway No. 1.
The purpose of the taking was for the construction of a four-lane, fixed, high-level bridge, together with approaches and service roads on State Highway 1 to the Indian Village-Port Allen Canal just South of the Town of Port Allen.
The defendant produced his witnesses, Mr. Heidel Brown and Mr. Warren Mun-son, both who qualified as expert real estate appraisers, as well as Mr. Sam Dupre, who qualified as an expert consulting engineer. Mr. Munson was also a consultant to the Missouri Pacific Railway and the Texas Pacific Railway.
All of these witnesses testified that there was no question but that the property owned by defendant was industrial because of its proximity to the port of Port Allen, as well as its location on the Mississippi River and the Texas and Pacific Railway. Both of the real estate experts testified that there was a market for this land for industrial purposes as of the time of the taking and that there was still a market at the time of the trial. Although negotiations had been conducted with defendant by certain industries who were interested in a portion of his property, the defendant chose not to be a willing seller because of the price fixed.
Mr. Brown testified that in his opinion the value of the land taken was worth the sum of Two Thousand and No/100 $2,000.-00 Dollars per acre. Mr. Munson, on the other hand, testified that the land expropriated was worth Two Thousand Five Hundred and No/100 ($2,500.00) Dollars per acre. These appraisals were the only valuations for the land taken which were submitted to the Lower Court, and the Lower Court reached a decision of Two Thousand Two Hundred Fifty and No/100 ($2,250.00) Dollars per acre for the 11.024 acres taken, and rendered judgment in the sum of Twenty-two Thousand Eight Hundred Fourteen and No/100 $22,814.00 Dollars, less the amount previously deposited in the registry of the Court, for the taking of this land.
With regard to the question of severance damages, Mr. Dupre, who testified on behalf of the defendant, stated that the damages to the remainder of the property of defendant caused by the taking was in the sum of Thirty-eight Thousand Four Hundred and No/100 ($38,400.00) Dollars. This was due to the fact that prior to the taking of defendant’s property, a railroad spur could have been laid from the Texas and Pacific Railway to the property of defendant situated by the Louisiana Highway 1 and the river, at any location, merely by crossing the ground level highway.
Subsequent to the taking, however, due to the approaches to the overpass and the elevated structure which are now situated on the property taken, the only possible place to cross the highway from the railroad would be at a point approximately 2200 feet South of Mr. Phillip’s north property line. In other words, prior to the taking, the spur track could have crossed the highway adjoining the northern line of defendant’s property. Now, in order to afford railroad facilities to the north end of defendant’s property, it would be necessary to cross the highway approximately 2200 feet south of the north property line and then continue across the property of defendant until the northern end of his *881 property is reached. Mr. Dupre testified that the additional cost to get railroad facilities to the northern portion of defendant’s property after taking was in the total sum of Thirty-eight Thousand Four Hundred and No/100 ($38,400.00) Dollars, which he itemized for the benefit of the Court. These same figures were agreed upon by the real estate experts who testified on behalf of the defendant. No testimony was adduced at all on behalf of petitioner.
Petitioner contends that the severance damages as testified to by the defense witnesses were conjectural and comprised merely consequential damages arising from discomfort, disturbance, injury to business and/or damnum absque injuria. We feel, however, as did the Lower Court, that such is not the case.
The severance damages claimed by the defendant is supported by the testimony in the record, and there is no evidence to refute it. The sum claimed by the defendant represents a real loss which results from an additional cost to him to return the northern portion of his property to the highest and best use to which it was entitled prior to the taking. Although the testimony reflects that there would be additional damages due to the elevated overpass running alongside the property, they were unable to give a concrete value resulting therefrom.
In State Department of Highways v. Brooks, La.App., 152 So.2d 637, the Court allowed severance damages when the property of defendant was rendered inaccessible and there was no road or outlet available to the property within a distance of approximately one-half mile.
In United Gas Pipeline Company v. New Orleans Terminal Company, La.App., 156 So.2d 297, the Lower Court allowed severance damages by requiring the petitioner to encase its pipeline at three locations selected by defendant for the purposes of running railroad spurs across these locations.
In Louisiana Highway Commission v. Threadaway, La.App., 173 So.2d 209, the Court allowed severance damages to defendant for the construction of bridges which were necessitated because of the taking.
In the case of State, Through Department of Highways v. Williams, 131 So.2d 600 at page 605, the Third Circuit Court of Appeal of this State said in a case similar to this as follows:
“The principal residue of the defendants’ tract left after the taking is 94.60 acres south and east of the service road. The defendants’ experts testified that the only damage sustained by this remainder as industrial property is its deprivation of rail access. The trial court allowed $3,000 for this item of severance damages.
The uncontradicted testimony indicates this to be the minimum cost to the landowner of constructing a spur line to the defendants’ property south of the service road, from the main railway line along its north side. (The Department stipulated that it does not and will not object to construction of such railroad spur across the service road, providing it be done in accordance with the usual Departmental standards; the uncontradicted testimony is that the railroad and pipeline companies cooperate with such spur construction to and across their rights of way by industrial users in the area.) Although the appellant Department contends that the award for construction of a spur is speculative because at the time of trial two years ago neither the service road nor the spur line had been constructed, the evidence shows that the ultimate purchaser for industrial purposes would deduct this necessary railroad-spur construction cost from the price he offered. (Tr. 152— 153.) Where very similarly an expropriated drainage ditch interfered with previous rail access of potential *882 industrial property, the Supreme Court rejected similar arguments as to the remote and speculative nature of such an award and allowed the landowners as severance damages the cost of constructing large culverts so as to retain for the tract its rail access and its consequent availability for industrial purposes, its best and highest use. Gravity Drainage District v. Key, 234 La. 201, 99 So.2d 82. We think that the trial court here properly awarded severance damages of $3,000 as the 94-acre tract’s proven lesser market value resulting from the taking.”
We feel that in view of the evidence, submitted by defendant, which the petitioner did not rebut, the decision of the Lower Court with regard to damages for the taking and severance damages were correct.
In the judgment rendered by the Lower Court, the sum of One Thousand Seven Hundred and No/100 ($1,700.00) Dollars was allowed defendant, with interest as damages incurred by defendant in the preparation of this expropriation proceeding. This sum included charges for the services of his expert witnesses in making their preparations for the trial of this matter. The petitioner alleges error on the part of the Lower Court in awarding such damages.
In State of Louisiana, Through Department of Highways v. Jones, 243 La. 719, 146 So.2d 414, a similar award was made .as costs incurred by the defendant as expenses preparatory to trial. Although the Lower Court inadvertently using the word “damages”, the record discloses that said sum was expended by the defendant as costs and under the decision in the said case, such costs are allowable. However, said costs do not bear interest, and the decision of the Lower Court will be amended accordingly.
For the reasons hereinabove assigned, :the judgment of the Lower Court will be amended, so as to delete the provision of interest from that portion thereof awarding judgment in favor of defendant and against petitioner for the sum of One Thousand Seven Hundred and No/100 ($1,-700.00) Dollars, which said sum represents costs incurred by defendant in the preparation of this expropriation proceeding, and as so amended the judgment of the Lower Court will be affirmed.
Amended and affirmed.